**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Billy Dee WILLIAMS, Defendant–**
**Appellant.**

No. 01–3883.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 9, 2002.

Decided Oct. 9, 2002.

Before RIPPLE, KANNE, ROVNER, Circuit Judges.

### ORDER

Billy Dee Williams pleaded guilty to possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1)(A) and was sentenced to 188 months' imprisonment, five years' supervised release, a $100 special assessment, and a $1000 fine. Mr. Williams' counsel filed a notice of appeal, but we permitted him to withdraw and appointed substitute counsel. His new lawyer now moves to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) because she cannot discern a non-frivolous issue for appeal. We confine our review to the potential issues discussed in counsel's *Anders* brief and in Mr. Williams' response filed pursuant to Circuit Rule 51(b). For the reasons set forth below, we grant counsel's motion to withdraw and dismiss this appeal.

The facts presented during Mr. Williams' change-of-plea colloquy, which he admitted were true, establish the following. Police arrested John Gayden on April 20, 2001, for possession with intent to deliver crack. After Mr. Gayden told police he had purchased the 116.2 grams of crack from Mr. Williams, police directed Mr. Gayden to set up another purchase for April 21. Mr. Gayden telephoned Mr. Williams, who agreed to sell another 250 grams. The exchange was to occur in the parking lot of a shopping mall.

Mr. Williams arrived at the parking lot but noticed an unmarked police car with a red and blue light on the dashboard and quickly fled the scene, leading police on a high-speed chase. The tires on Mr. Williams' car eventually blew out, and he fled his vehicle. Police saw him throw a crack-laden plastic bag to the ground as he got out of his car. After police caught Mr. Williams, they found more crack while searching his car. Police obtained a search warrant to search his apartment, where they found 58.1 grams of crack, powder cocaine, $41,000 in cash, and a loaded gun.

Counsel first examines whether Mr. Williams, who says in his Circuit Rule 51(b) Response that if his appeal proceeds he intends to argue that his guilty plea was not knowing and voluntary, could challenge his plea on the basis that the district court failed to comply with Federal Rule of Criminal Procedure 11. The district court failed to explain to Mr. Williams that any

false answers he gave during his change-of-plea colloquy could subject him to prosecution for perjury, but that omission was harmless because there is no suggestion that Mr. Williams is subject to any current or prospective perjury prosecution. *United States v. Graves*, 98 F.3d 258, 259 (7th Cir.1996). Additionally, although the court failed to inform Mr. Williams that he had the right to plead not guilty, this omission was also harmless because Mr. Williams obviously knew he had that right—he initially pleaded not guilty and sought to alter that plea. *See United States v. Knox*, 287 F.3d 667, 670 (7th Cir.2002). The district court substantially complied with Rule 11—which is all that we require, *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir.2002)—and we therefore agree with counsel that any Rule 11 challenge would be frivolous.

■ Counsel next questions whether Mr. Williams could argue that the 116.2 grams of crack seized from John Gayden—the person who set up the controlled buy with Mr. Williams—was incorrectly attributed to Mr. Williams as relevant conduct for sentencing purposes. Mr. Gayden admitted in a statement recounted in the presentence report that the seized crack was his and that he bought it from Mr. Williams. We would review the district court's calculation of drug quantity only for clear error. *United States v. Spiller*, 261 F.3d 683, 691 (7th Cir.2001). In computing drug quantity, a district court is entitled to rely upon the factual findings in the presentence report as long as they are based upon sufficiently reliable information. *United States v. Willis*, 300 F.3d 803, 807 (7th Cir.2002). As noted in the presentence report, Mr. Williams admitted that he had sold about that much crack to a man named "John" just days before Mr. Williams' arrest. Therefore, any appeal on this ground would also be frivolous.

Counsel also considered whether Mr. Williams could argue that he should not have received a two-level increase under U.S.S.G. § 2D1.1(b)(1) for possession of the loaded gun found in his house. The adjustment is to be applied "unless it is clearly improbable that the weapon was connected with the offense," U.S.S.G. § 2D1.1(b)(1), comment. (n.3), and given that the gun was discovered shortly after his arrest, Mr. Williams bore the burden of establishing that it was not connected to the offense, *United States v. Martin*, 287 F.3d 609, 617 (7th Cir.2002). Mr. Williams attempted to meet that burden by calling his brother at sentencing to testify that the firearm was his, but after the witness misidentified the manufacturer of the weapon and admitted that he had no ownership papers, the district court discredited the brother's testimony and assessed the adjustment. We afford the district court's assessment of credibility exceptional deference, *Willis*, 300 F.3d at 806, and thus we agree that any appeal on this basis would be frivolous.

■ Counsel further examines whether Mr. Williams could challenge the district court's assessment of an upward adjustment under U.S.S.G. § 3C1.2 for reckless endangerment. Mr. Williams tried to outrun an unmarked police car (but one that had a blue and red light flashing on its dashboard) by driving between 80 and 90 miles per hour through midday traffic, running several stop signs and forcing other traffic to take evasive action. Mr. Williams testified at his sentencing that he was fleeing because he thought he was being chased by carjackers. The district court disbelieved him, and again we would defer to the court's credibility assessment. *Willis*, 300 F.3d at 806. We have found acts similar to Mr. Williams' warrant the reckless endangerment adjustment, *see United States v. Thomas*, 294 F.3d 899,

907 (7th Cir.2002), and any argument that Mr. Williams' conduct did not warrant the adjustment would also be frivolous.

Next, counsel questions whether Mr. Williams could argue that he should not have received criminal history points for a prior conviction for driving under the influence. The district court assessed three points, one point for the conviction itself and two points because Mr. Williams committed his federal drug offense while on probation for the DUI conviction. Mr. Williams objected, arguing that his sentence to a term of supervision did not warrant any criminal history points because the matter was effectively handled as a deferred prosecution or diversionary disposition. *See* U.S.S.G. § 4A1.2(f). But first, sentences resulting from a guilty plea are counted, even if the state court imposed only supervision, *United States v. Moore*, 25 F.3d 563, 570 (7th Cir.1994), and Mr. Williams pleaded guilty to the DUI offense in Illinois. Second, a sentence to supervision is equivalent for guideline purposes to unsupervised probation, and therefore crimes committed while on supervision warrant the two additional criminal history points assessed for crimes committed while on probation. U.S.S.G. § 4A1.1(d), comment. (n.4); *United States v. Burke*, 148 F.3d 832, 839–40 (7th Cir. 1998). The district court's calculation of Mr. Williams' criminal history points was correct and any appeal based upon the calculation would be frivolous.

The final potential basis for appeal discussed by counsel is whether Mr. Williams could argue that the government failed to prove that he possessed crack, as opposed to another form of cocaine. Mr. Williams makes a similar argument in his Rule 51(b) response, arguing that his guilty plea was not voluntary because no one ever told him he was pleading guilty to possession of crack, as opposed to powder cocaine. The

record undermines both arguments. Mr. Williams' indictment charges him with possessing "crack." The court and counsel mentioned "crack" repeatedly during Mr. Williams' change-of-plea colloquy and at sentencing. Mr. Williams admitted during the change-of-plea colloquy that the government's allegation that he possessed and intended to distribute "crack" was correct. He signed a plea agreement that clearly specifies that he would plead guilty to possessing with intent to distribute "crack." Accordingly, any appeal based upon the argument that Mr. Williams did not realize that the drug involved was specifically crack would be frivolous.

Last, Mr. Williams claims in his Rule 51(b) response that if his appeal proceeds he intends to challenge his conviction on the basis of ineffective assistance of counsel. But we have said repeatedly that such an argument is normally premature on direct appeal and should be brought instead in a collateral attack where the supporting facts can be developed. *Schuh*, 289 F.3d at 976. The nature of Mr. Williams' intended argument falls within the general rule.

For the reasons stated above, we GRANT counsel's motion to withdraw and DISMISS this appeal.