**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daniel HULL, Defendant–Appellant.**

No. 02–4339.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 18, 2003.

Decided Nov. 18, 2003.

Timothy M. O'Shea, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Daniel R. Hull, pro se, Centralia, IL, for Defendant–Appellant.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

## ORDER

Daniel Hull pleaded guilty to armed bank robbery, 18 U.S.C. §§ 2113(a), (d), and carrying a firearm while committing a crime of violence, 18 U.S.C. § 924(c)(1). The district court sentenced him to 188 months for the bank robbery and a consecutive 60 months for the § 924(c)(1) offense. Both terms are to run consecutively to an unrelated Illinois sentence that Hull is currently serving. The district court also imposed concurrent five-year terms of supervised release, $6,848 in restitution, and special assessments totaling $200. Hull filed a notice of appeal, but his appointed lawyer moves to withdraw because he cannot discern a nonfrivolous basis for appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Pursuant to Circuit Rule 51(b), Hull received notice of counsel's motion but did not reply. Because counsel's brief is facially adequate, we limit our review to the potential issues counsel identifies. See United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997) (per curiam). We agree with counsel that those potential issues are frivolous and thus grant counsel's motion to withdraw and dismiss Hull's appeal.

In March 2001, Hull entered Firstar Bank in Blooming Grove, Wisconsin with a fake grenade and an unloaded sawed-off shotgun hidden under his coat. Displaying only the grenade, he threatened to detonate it if the tellers would not give him money. The tellers complied and gave Hull $6,848. He then fled in a getaway car driven by his co-defendant, Angela Giddley. Both were later arrested in Illinois for an unrelated sexual assault, and the victim of that offense tipped off Illinois authorities about the bank robbery. Local police then contacted the FBI, and when questioned, Hull confessed the robbery to the federal agents and informed them that he had carried a hidden shotgun into the bank. He apparently advised Giddley to cooperate with the agents as well. Hull, who has bipolar disorder, explained that a sense of desperation about being outed as an informant to drug dealers he was trying to set up, along with his failure to take his medication and his consumption of drugs and alcohol, contributed to his actions.

A grand jury indicted Hull in June 2001 on one count of armed bank robbery, and later the government filed an information charging him with the related § 924(c) violation. Pursuant to a plea agreement, Hull pleaded guilty to both charges. The probation officer in her presentence investigation report (PSR) recommended that the court deem Hull to be a career offender, raising his base offense level to 34, but that it subtract three levels for acceptance of responsibility. The officer concluded that his sentencing range should be 248 to 295 months. Hull objected, arguing that he should receive downward departures for his diminished capacity and because of what he termed his "substantial assistance" in disclosing the details of the bank robbery to federal agents and "advising" Giddley to confess. But later at sentencing Hull withdrew his departure requests on the ground that he lacked a sufficient factual basis to support them. Hull argued through counsel, however, that the court should at least sentence him near the low end of the sentencing range because of his "substantial assistance" and history of mental illness. Adopting the guideline calculations in the PSR, the court then sen-

tenced Hull to the lowest sentence within the range.

In his *Anders* brief counsel contemplates raising a violation of Federal Rule of Criminal Procedure 11 as a potential ground for appeal. But since Hull does not wish to have his plea set aside, counsel recognizes that our decision in *United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002), forecloses this possibility. We held in *Knox* that counsel should not even consider presenting a Rule 11 argument unless the defendant wants to unwind his guilty plea. *Id.* at 671.

Counsel also examines the guidelines calculations for possible grounds on which to appeal, but again can find no potential issue. Hull waived any appellate challenge based on his withdrawn requests that the district court depart downward. And since waiver of an argument precludes any appellate review, our analysis of this potential issue would end there. *See United States v. Olano,* 507 U.S. 725, 733–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Fudge,* 325 F.3d 910, 916 (7th Cir.2003). But even if Hull had pressed his departure requests, there is no evidence that the court thought it lacked the authority to depart, and so we would not in any event have jurisdiction to review the district court's discretionary decision not to depart. *See United States v. Bonsu,* 336 F.3d 582, 587 (7th Cir.2003); *United States v. Egwaoje,* 335 F.3d 579, 588–89 (7th Cir.2003).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.