**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 21, 2005
Decided July 21, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1212

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Northern District of<br>Indiana, Hammond Division |
| v. | No. 3:02 CR 116-03 |
| EDWARD JOHNSON,<br>    *Defendant-Appellant*. | Rudy Lozano,<br>*Judge*. |

**O R D E R**

Edward Johnson conspired with four others to rob a branch of the First State Bank of Porter near Michigan City, Indiana.  The robbery did not proceed according to plan, and one of Johnson's accomplices, Odell Corley, killed two tellers and seriously wounded a security guard.  Johnson pleaded guilty to two counts of bank robbery resulting in death, 18 U.S.C. § 2113(e), and testified against Corley, who was ultimately convicted and sentenced to death.  The plea agreement includes a waiver of Johnson's right to appeal his sentences.  In recognition of Johnson's cooperation, the government moved for a downward departure from the guideline range of life imprisonment, *see* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1, and recommended a 40-year term.  The district court accepted the government's recommendation and sentenced Johnson to 40 years on each count, to run concurrently.  Johnson filed a notice of appeal but his appointed counsel now moves to withdraw because he cannot discern a nonfrivolous issue for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Counsel's brief in support of his motion is

facially adequate.  We invited Johnson to respond to counsel's motion, *see* Cir. R. 51(b), but he has not done so; thus we limit our review to those potential issues explored by counsel.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Johnson could argue that he is not bound by the appeal waiver in the plea agreement but properly concludes that this argument would be frivolous.  A defendant's knowing and voluntary waiver of his right to appeal is valid and enforceable.  *See, e.g., United States v. Bownes*, 405 F.3d 634, 636-37 (7th Cir. 2005); *United States v. Gibson*, 356 F.3d 761, 765 (7th Cir. 2004).  Counsel suggests no reason—and none is apparent from the record—why Johnson's waiver was anything other than knowing and voluntary.  Furthermore, counsel has not informed us that Johnson wants to withdraw his guilty plea and face the possibility of a life sentence or the death penalty.  *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next considers arguing that the government should have moved for a greater downward departure under U.S.S.G. § 5K1.1.  But this potential argument concerns Johnson's sentence and, again, he waived his right to challenge his sentence.

We agree with counsel that the potential issues he has identified are frivolous.  Accordingly, we GRANT his motion to withdraw and DISMISS this appeal.