NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2007
Decided October 31, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-1635

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> HORACIO REYES, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Central District of Illinois. <br><br> No. 06-CR-30052-001 <br><br> Jeanne E. Scott, <br> *Judge*. |

**O R D E R**

Immigration officials discovered that Horacio Reyes, a Guatemalan citizen who was deported following a conviction for statutory rape, had reentered the United States and was working in a restaurant in Quincy, Illinois. Reyes pleaded guilty to being in the country without permission. *See* 8 U.S.C. § 1326(a). At sentencing the district court began with a base offense level of 8, *see* U.S.S.G. § 2L1.2(a), and added 16 levels because Reyes had been removed after committing a crime of violence, *see id.* The court then subtracted three levels for acceptance of responsibility. *See id.* § 3E1.1. The resulting total offense level of 21 combined with Reyes's criminal history category of V yielded an imprisonment range of 70 to 87

months.   After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the court sentenced Reyes to a prison term of 84 months, followed by 3 years' supervised release.  The court also ordered him to pay a $100 assessment.

Reyes appeals, but his appointed lawyers have moved to withdraw because they cannot discern any nonfrivolous argument to pursue.  *See Anders v. California*, 386 U.S. 738 (1967).  We invited Reyes to comment on counsel's submission, *see* Cir. R. 51(b), but he has not responded.  We review only those potential issues identified in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel initially inform us that Reyes does not wish to challenge his guilty plea, and so they properly refrain from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy.  *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

The only argument that is remotely possible, according to counsel, is that Reyes received an unreasonable prison sentence.  But counsel have not identified even a potential error in the calculation of the guidelines range, and, as they correctly point out, a sentence within a properly calculated guidelines range is entitled to a presumption of reasonableness on appeal.  *United States v. Rita*, 127 S.Ct. 2456, 2462 (2007); *United States v. Hurn*, 496 F.3d 784, 790 (7th Cir. 2007). The district court gave meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a), including Reyes's past convictions and his justification for reentering the United States.  Counsel have been unable to articulate any reason why this case might be the exception to the reasonableness presumption, and we see nothing in the record that suggests that it is.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.