NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2009
Decided February 18, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-2171

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 07 CR 473-2 |
| ROBERT LLANOS, *Defendant-Appellant.* | David H. Coar, *Judge.* |

**O R D E R**

A grand jury indicted Robert Llanos and his brother for drug crimes after they bought two kilograms of what they thought was heroin from a dealer working with the DEA. In a written plea agreement, Llanos pleaded guilty to possessing heroin with intent to distribute, *see* 21 U.S.C. § 841(a)(1), in exchange for the government's promise to dismiss the other charges in the indictment. Llanos also agreed to waive his right to appeal his conviction or his sentence. The district court sentenced Llanos to a prison term of 151 months, well below the statutory maximum of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

Llanos appeals, but his appointed lawyer has moved to withdraw because he cannot discern any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738 (1967). We invited Llanos to comment on counsel's submission, *see* Cir. R. 51(b), but he has not responded. We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Counsel informs us that Llanos does not wish to challenge the validity of his guilty plea, and so he properly refrains from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel considers only one potential issue: whether Llanos could challenge his sentence. As counsel points out, however, the appeal waiver forecloses any argument save a claim that Llanos's sentence exceeded the statutory maximum or that the district court relied on a constitutionally impermissible factor in calculating the sentence. *See United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). None of those caveats are relevant here. Any argument that the district court erred in imposing Llanos's sentence would therefore be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.