**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alan M. JUNGELS, Defendant–**
**Appellant.**

No. 08–2018.

United States Court of Appeals,
Seventh Circuit.

Submitted March 31, 2009.

Decided March 31, 2009.

Diane MacArthur, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Eugene O'Malley, Chicago, IL, for Defendant–Appellant.

Before FRANK H. EASTERBROOK, Chief Judge, DIANE P. WOOD, Circuit Judge, DIANE S. SYKES, Circuit Judge.

### ORDER

Alan Jungels pleaded guilty, pursuant to a written plea agreement that included an appeal waiver, to one count of distributing child pornography. *See* 18 U.S.C. § 2252A(a)(1). The district court sentenced Jungels to 240 months in prison, the statutory maximum. Jungels filed a notice of appeal, but his appointed counsel now seek to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because they cannot discern a nonfrivolous basis for appeal. Jungels has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Because counsel's supporting brief is adequate, we limit our review to the potential issues identified in the brief. *See United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir.2002).

Counsel begin by telling us that Jungels does not wish to challenge his guilty plea. So counsel appropriately refrain from discussing whether Jungels could argue that his plea was not voluntary. *See United States v. Knox,* 287 F.3d 667, 670–71 (7th Cir.2002).

Counsel consider only one potential issue: whether Jungels can challenge his sentence. But as counsel note, the appeal waiver forecloses any argument challenging his sentence except a claim that the district court relied on a constitutionally impermissible factor or that the sentence exceeded the statutory maximum. *See United States v. Lockwood,* 416 F.3d 604, 608 (7th Cir.2005); *United States v. Bownes,* 405 F.3d 634, 637 (7th Cir.2005). Neither of those issues is relevant here; thus, any argument that the court erred in imposing Jungels's sentence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.