NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted July 29, 2009
Decided July 29, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 09-1412

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>     *v.* <br><br> EVERETT M. RUBIO, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> 08-CR-00029 <br><br> William C. Griesbach, <br> *Judge*. |

**O R D E R**

Arizona resident Everett Rubio was a source of cocaine for his childhood friend, Raymundo Ochoa, the main supplier of cocaine in Oshkosh, Wisconsin. Ochoa employed couriers to transport the drugs from Arizona to Wisconsin, but one of the couriers turned out to be a confidential informant for the government. Rubio pleaded guilty to one count of distributing cocaine, *see* 21 U.S.C. § 841(a)(1), and was sentenced to 48 months' imprisonment, well below his advisory guidelines range of 70 to 87 months. Rubio filed a notice of appeal, but his appointed lawyer now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Rubio did not respond to our

invitation under Circuit Rule 51(b) to comment on counsel's submission. We limit our review to the potential issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel has not suggested that Rubio wants to set aside his guilty plea, and thus counsel properly refrains from exploring that issue. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

The only potential issues counsel raises are whether Rubio can challenge the district court's consideration of the 18 U.S.C. § 3553(a) factors or the reasonableness of his sentence. Counsel considers arguing that the district court's consideration of the § 3553(a) factors did not accord enough weight to Rubio's purportedly minor role in the offense, the effect of a motorcycle accident on Rubio's drug and alcohol addictions, his efforts to overcome those addictions, a reading disability from which he suffers, or the lower sentence one of the couriers received (counsel says he was sentenced to only 24 months' imprisonment).

As counsel recognizes, however, the district court imposed a below-guidelines sentence after discussing virtually every mitigating factor that counsel mentions. The court regarded Rubio's offense as less serious than the typical case of a person heavily involved in drug trafficking. Rubio, according to the court, was "not inclined" to criminal conduct, was dealing only with his childhood friend Ochoa—who took the lead in dictating the quantity of drugs involved— and was struggling through serious drug and alcohol addictions. The court's thorough analysis more than fulfilled its obligation to impose a sentence consistent with § 3553(a), and it is hard for us to conceive how the below-guidelines sentence it chose could be unreasonably high, *see United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). Indeed a below-guidelines sentence is presumed reasonable. *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008).

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.