**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 25, 2009
Decided August 11, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1255

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 07 CR 211-001 |
| KIRK ACREY, | |
| *Defendant-Appellant*. | Suzanne B. Conlon, |
| | *Judge*. |

**O R D E R**

Kirk Acrey pleaded guilty to distributing crack cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to 150 months' imprisonment. Acrey appeals, but his appointed counsel has moved to withdraw because he cannot identify any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Acrey opposes dismissal of his appeal. *See* Cir. R. 51(b). We confine our review to the issues outlined in counsel's facially adequate brief and Acrey's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel informs us that Acrey does not wish to challenge his guilty plea, so counsel properly refrains from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir.

2002). Instead, counsel's *Anders* submission and Acrey's response identify potential defects in the sentence imposed. In the presentence investigation report, the probation officer set a base offense level of 37 because Acrey qualified as a career offender, *see* U.S.S.G. § 4B1.1(b), and subtracted three levels for acceptance of responsibility, *see id.* § 3E1.1, for a total offense level of 34. Acrey's career-offender status also resulted in a criminal history category of VI. *See id.* § 4B1.1(b). Based on the total offense level of 34 and criminal history category of VI, the guidelines range for imprisonment was 262 to 327 months. The district court judge, however, sentenced Acrey to 150 months, the high end of the range that would have applied if Acrey had not been a career offender, based on a total offense level of 27 and criminal history category of V, *see id.* § 2D1.1(a)(3).

Both defense counsel and Acrey consider whether Acrey could argue that 150 months is unreasonable. Acrey contends that he should have received just 120 months, the mandatory minimum. He argues that his diabetes constituted an extraordinary physical impairment, *see* U.S.S.G. § 5H1.4, and that he played a "minimal role" in the offense. *See id.* § 3B1.2(a). Acrey does not, however, argue that the court incorrectly calculated his guidelines range.

A below-guidelines sentence is presumptively reasonable. *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Here, the district court's sentence of 150 months' imprisonment was 112 months below the properly calculated guidelines range of 262 to 327 months' imprisonment. It would be patently frivolous to argue that a sentence so greatly reduced from the low end of the applicable guidelines range is unreasonable. *See United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008) ("We have never deemed a below-range sentence to be unreasonably high."); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005) ("It is hard to conceive of below-range sentences that would be unreasonably high.").

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.