NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted February 10, 2010
Decided February 11, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 08-2277 & 08-2278

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 07-CR-286-001 |
| DOMINIQUE WATSON and TERANCE TAYLOR, *Defendants-Appellants.* | J. P. Stadtmueller, *Judge.* |

**O R D E R**

Terance Taylor was arrested less than two weeks after he entered a Milwaukee bank with a pellet gun and left with more than $130,000 in stolen cash. Dominique Watson, who planned the heist and drove the getaway car, was also arrested. Watson and Taylor pleaded guilty to armed bank robbery, *see* 18 U.S.C. § 2113(a), (d), and both men received prison sentences within their respective Guidelines range, Watson for 135 months' imprisonment, Taylor for 96 months. The court also ordered restitution, to be paid jointly and severally by Taylor and Watson, in the amount of $116,881.86. We consolidated their appeals, and in both cases their appointed counsel moved to withdraw because they believe any basis for appealing would be frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Since both defendants declined to submit statements under Circuit Rule 51(b) explaining why they

believe their appeals have merit, we limit our review to issues identified in the facially adequate briefs. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Neither defendant has expressed a desire to withdraw his guilty plea, so their lawyers properly decline to explore a challenge to the voluntariness of the pleas or the adequacy of the plea colloquies. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

We agree with counsel that any challenge to the reasonableness of the defendants' sentences would be frivolous. Watson and Taylor received prison terms within properly calculated Guidelines ranges, so we would presume that their sentences were reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007). Both lawyers assert, and we agree, that there is no evidence in the record to rebut those presumptions. Moreover, the district court gave sufficient consideration to the 18 U.S.C. § 3553(a) sentencing factors and supported the ultimate sentences with adequate statements of reasons. In both cases the court explained that within-range sentences were necessary to deter similar conduct in the future, and to reflect the seriousness of the crime, which in this case endangered the life of a bank teller, who was held hostage at gunpoint.

Finally, as both attorneys point out, it would be frivolous to challenge the district court's restitution orders on the basis that the court failed to set a schedule of payments to be made during the defendants' incarceration. Congress requires sentencing judges to set payment schedules for defendants who cannot meet restitution obligations up front. *See* 18 U.S.C. § 3664(f)(2). Precisely when the schedule begins, however, is left to the court. *See United States v. Sawyer*, 521 F3d 792, 795 (7th Cir. 2008). Here the court set payment schedules for both defendants to begin upon their release. This was a proper exercise of the court's discretion. *Id*.

Accordingly, we GRANT the motions to withdraw and DISMISS the appeal. Watson's motion to appoint new counsel is DENIED.