**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2011
Decided January 21, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2737

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-298 |
| JAMES LIPSEY, *Defendant-Appellant.* | C. N. Clevert, Jr., *Chief Judge.* |

**O R D E R**

Based on an informant's tip, police obtained a warrant to search the home of James Lipsey, a felon, and they found two handguns, a short-barreled shotgun, and ammunition. After being indicted, Lipsey moved to suppress the firearms based on a lack of probable cause for the warrant, and the district court denied the motion. Lipsey then entered a conditional guilty plea to one count of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). As part of his plea agreement, he reserved his right to challenge the denial of his motion to suppress. The district court sentenced him to 100 months' imprisonment, 20 months below the statutory maximum, which itself was below the applicable guidelines range of 140 to 175 months. Lipsey appeals, but his appointed attorney has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Lipsey did not respond to counsel's submission. *See* CIR. R. 51(b). We review only

the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Lipsey has not indicated that he wants his guilty plea set aside, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel first considers whether Lipsey could argue that the search warrant wasn't supported by probable cause. The warrant to search Lipsey's home was based on the affidavit of Officer Andrew Matson. Matson attested that a confidential informant—whom he knew to have ties to the same gang as Lipsey—came forward to report that he had observed Lipsey, within the past 72 hours, selling cocaine and storing firearms at his home. The informant identified three specific handguns that Lipsey kept in his bedroom. In his motion to suppress, Lipsey posed concerns that the informant didn't explain why he was at Lipsey's home, didn't provide enough details to show that he was reliable, and didn't give any statement against his penal interest.

When, as here, a judge is presented with only an affidavit in support of a search warrant, "the validity of the warrant rests solely on the strength of the affidavit." *United States v. Bell*, 585 F.3d 1045, 1049 (7th Cir. 2009). The strength of the affidavit depends on whether, "based on the totality of the circumstances, the affidavit sets forth sufficient evidence to persuade a reasonably prudent person that a search will uncover evidence of a crime." *United States v. Carson*, 582 F.3d 827, 831 (7th Cir. 2009); *see Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Farmer*, 543 F.3d 363, 377 (7th Cir. 2008). Since the affidavit relies on an informant's tip, we would consider the amount of detail provided by the informant, the degree to which these details were based on personal observation, the time interval between the informant's observations and the warrant application, whether the informant appeared before the issuing judge, and whether police corroborated the informant's tip. *See Bell*, 585 F.3d at 1049; *Farmer*, 543 F.3d at 377.

We agree with counsel that it would be frivolous to challenge whether probable cause supported the warrant in this case. As the district court noted when denying the motion to suppress, the warrant application was filed within 72 hours of the informant's first-hand observations; the informant identified Lipsey, his residence, and the location of three specific handguns inside the residence; the informant had given reliable information to the police in the past; and the police could corroborate some of the information given by the informant. Because substantial evidence supports a finding of probable cause, we would defer to the decision of the judge issuing the warrant and conclude that Lipsey's argument is frivolous. *See Farmer*, 543 F.3d at 377; *United States v. Curry*, 538 F.3d 718, 729 (7th Cir. 2008).

Counsel additionally examines whether Lipsey could contend that his below-range sentence is unreasonably high. We agree with counsel that this argument would be frivolous. The district court sentenced Lipsey well below the guidelines range and a below-range sentence is presumed reasonable. *See United States v. Jackson*, 598 F.3d 340, 345 (7th Cir.), *cert. denied*, 131 S. Ct. 435 (2010); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008) ("We have never deemed a below-range sentence to be unreasonably high."). We are presented with no reason to challenge that presumption here.

We GRANT counsel's motion to withdraw and DISMISS the appeal.