NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2011
Decided January 25, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2364

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:09-CR-102-TLS |
| CURTIS R. ALLEN, *Defendant-Appellant.* | Theresa L. Springmann, *Judge*. |

**O R D E R**

Curtis Allen subscribed to an Internet file-sharing service that allowed other members to access child pornography stored on his personal computer. Indiana authorities searched his residence pursuant to a warrant and uncovered more than 600 images of child pornography on the computer and data discs. Allen was arrested and pleaded guilty to separate counts of receiving and possessing child pornography. *See* 18 U.S.C. § 2252(a)(2), (4)(b). By statute he faced a minium of 5 years imprisonment. *See id.* § 2252(b). The district court sentenced Allen to a total of 97 months' imprisonment, at the bottom of the guidelines range.

Allen filed a notice of appeal, but his newly appointed appellate counsel has concluded that the case is frivolous and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Allen has not accepted our invitation to comment on counsel's facially adequate submission. *See* CIR. R. 51(b). We limit our review to the potential issue she discusses. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In her brief counsel represents that Allen does not want his guilty pleas vacated. Thus she appropriately omits discussion about the adequacy of the plea colloquy, *see* FED. R. CRIM. P. 11(b), and the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). According to counsel, the appeal presents only one potential argument: whether Allen could challenge the reasonableness of his overall prison term. The probation officer calculated a guidelines imprisonment range of 97 to 121 months, which the district court adopted without objection. The court heard testimony at sentencing from two of Allen's brothers and imposed a sentence at the bottom of the range after considering the factors in 18 U.S.C. § 3553(a) and weighing Allen's arguments in mitigation, including his health issues and strong family ties. The sentence Allen received is within the imprisonment range and thus is presumed reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Counsel has not identified any factor that would overcome that presumption, nor have we.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.