**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 1, 2011
Decided June 1, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-2827

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> FREDDY CAZARES, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 08 CR 685-1 <br><br> Rebecca R. Pallmeyer, <br> *Judge.* |

**O R D E R**

Freddy Cazares pleaded guilty to attempting to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846, after he tried to buy 25 kilograms to an undercover informant. The district court sentenced Cazares to 140 months' imprisonment, within the guidelines range of 135 to 168 months. Cazares' appellate counsel has filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), contending that any challenge to Cazares' conviction or the reasonableness of his sentence would be frivolous. Cazares has responded to counsel's motion, *see* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and in Laws' response. *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2009).

Counsel begins by noting that Cazares does not want his guilty plea vacated and thus correctly forgoes discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel considers challenging the reasonableness of Cazares' sentence, but properly concludes that any such challenge would be frivolous. Cazares' within-guidelines sentence is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 350-51 (2007); *United States v. Vallar*, 635 F.3d 271, 279 (7th Cir. 2011), and counsel cannot identify any basis to upset that presumption nor can we. Moreover counsel cannot identify any error in the court's consideration of sentencing factors under 18 U.S.C. § 3553(a). The court acknowledged Cazares' history and characteristics, § 3553(a)(1), noting the role that his limited cognitive abilities may have played in his recidivist behavior, and remarking that Cazares had an opportunity, while residing at a Salvation Army facility, to improve his life and habits. The court also stressed the seriousness of the offense, § 3553(a)(2)(A), noting in particular that the 25 kilograms Cazares tried to sell far exceeded the 5-kilogram amount needed to trigger the 10-year statutory minimum sentence under § 841(b)(1)(A).

In his Rule 51(b) response, Cazares asserts that the district court improperly rejected his argument at sentencing that he receive a reduced sentence based on his diminished mental capacity. *See* U.S.S.G. § 5K2.13. Section 5K2.13 requires a showing that (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. *See United States v. Portman*, 599 F.3d 633, 637 (7th Cir. 2010). A "significantly reduced mental capacity," though, means an impaired ability to either understand the wrongfulness of the relevant conduct or to control behavior. U.S.S.G. § 5K2.13 cmt. n. 1; *United States v. Anderson*, 547 F.3d 831, 831-32 (7th Cir. 2008). The district court acknowledged that Cazares' "cognitive defects" may have led him to think that drug dealing was one of the few avenues available to him to make a living, but nothing in the record shows that he did not understand his culpability for his actions. At sentencing, in fact, he conceded that his cognitive defects did not "excuse" his behavior. The district court then properly declined to reduce his sentence on that basis.

Counsel also asserts that he seeks new counsel because of a breakdown in communications with his lawyer, but he does not explain why we should appoint a different lawyer to pursue a frivolous appeal.

Counsel's motion to withdraw is **GRANTED** and the appeal is **DISMISSED**.