**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 1, 2011
Decided June 1, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-2858

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 09-CR-253 |
| | |
| RONNIE THOMAS, | C. N. Clevert, Jr., |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Ronnie Thomas was part of a drug ring that transported marijuana from Phoenix, Arizona to Milwaukee, Wisconsin. He was charged with conspiracy to distribute marijuana, 21 U.S.C. §§ 846, 841(a)(1), and because the amount was more than 100 kilograms he faced a minimum prison term of five years, *id.* § 841(b)(1)(B)(vii). Thomas pleaded guilty and agreed to cooperate; the government moved for the court to impose a sentence below the statutory minimum based on his substantial assistance. *See* 18 U.S.C. § 3553(e). The court granted the motion and sentenced Thomas to 30 months' imprisonment, the sentence both parties recommended. Thomas filed a notice of appeal, but his appointed lawyer moves to withdraw on the ground that the case is frivolous. *See Anders v. California,* 386 U.S. 738

(1967). Thomas has not responded to counsel's submission, which is facially adequate. *See* CIR. R. 51(b), *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Counsel verified that Thomas does not want his guilty plea set aside and thus appropriately omits possible challenges to the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel reports that he searched the record but did not identify any possible challenge to the district court's application of the sentencing guidelines. Counsel does question whether Thomas could contend that his prison sentence is unreasonably long, but we agree that it would be frivolous to make that argument. The term is below the guidelines range and thus is presumptively reasonable. *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). No circumstance warrants disregarding that presumption here.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.