In the
United States Court of Appeals
For the Seventh Circuit

No. 01-3099

United States of America,

Plaintiff-Appellee,

v.

Larry D. Knox,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:00CR40110--J. Phil Gilbert, Judge.

Submitted March 26, 2002--Decided April 29, 2002


   Before Posner, Easterbrook, and Ripple,
Circuit Judges.

   Easterbrook, Circuit Judge.  Following his
indictment on three counts of peddling
crack cocaine, see 21 U.S.C.
sec.841(a)(1), Larry Knox pleaded guilty.
His reward was a three-level subtraction
for acceptance of responsibility. See
U.S.S.G. sec.3E1.1(b). That reduction
sliced at least 84 months off his
punishment: his sentence was 240 months
(from a range of 235-293 months), while
the range without the credit would have
been 324-405 months. Believing that his
sentence should have been lower still,
Knox instructed his lawyer to file a
notice of appeal.

   Representing that he cannot identify any
non-frivolous issue, counsel has filed a
brief under Anders v. California, 386
U.S. 738 (1967), seeking our permission
to withdraw. One question that counsel
considers is whether Apprendi v. New
Jersey, 530 U.S. 466 (2000), could be
used to cut down the sentence. Counsel
believes that any such argument would be
futile, an accurate assessment. Apprendi
holds that facts that increase the
statutory maximum punishment must be
established to the satisfaction of the
trier of fact beyond a reasonable doubt.
But the statutory maximum for
distributing any amount of cocaine is 240

months' imprisonment, see 21 U.S.C. sec.841(b)(1)(C), and Knox was convicted on three counts, so for him the maximum is 60 years (720 months). Although the courts of appeals do not agree whether, in the wake of Apprendi, U.S.S.G. sec.5G1.2(d) still compels a judge to use consecutive sentences when necessary to construct a term within the Guideline range, compare United States v. Angle, 254 F.3d 514, 518-19 (4th Cir. 2001) (en banc) (yes), with United States v. Vasquez-Zamora, 253 F.3d 211, 214 (5th Cir. 2001) (no), every court of appeals believes that consecutive sentences are lawful if the district judge chooses to impose them. See United States v. Buckland, 277 F.3d 1173, 1184-86 (9th Cir. 2002) (en banc) (collecting authority); United States v. Bradford, 246 F.3d 1107, 1114 (8th Cir. 2001). For Knox it was possible to sentence within the 235-293 month range without consecutive terms, and the district judge chose that option. Apprendi poses no conceivable obstacle. See Talbott v. Indiana, 226 F.3d 866, 869 (7th Cir. 2000).

Next counsel asks whether there is a non-frivolous objection to the calculations that produced the 235-293 month range. Two elements dominated: the quantity of cocaine included in Knox's relevant conduct and a two-level addition under U.S.S.G. sec.2D1.1(b)(1) for possessing a firearm. Counsel concludes that there is no prospect of upending the sentence, and again we agree. Findings of fact about relevant conduct may be upset only for clear error, see United States v. Johnson, 227 F.3d 807, 812-13 (7th Cir. 2000), and these findings--based as they were on the district judge's decision to believe two persons who testified about their dealings with Knox--are all but impossible to upset. See Anderson v. Bessemer City, 470 U.S. 564, 575 (1985). One of these witnesses testified that she accompanied Knox on two trips to buy cocaine and then transported drugs for him; the second witness testified that Knox had traded a gun for crack. Far from providing grounds to reduce the sentence, these facts suggest that Knox received a break. The 397 grams of crack that the district judge found to be Knox's relevant conduct represented just two transactions about which the first witness testified.

Although the evidence at sentencing shows that Knox conducted a drug-distribution business, the full scope of which must have exceeded 500 grams, his sentence was based on the range for 150 to 499 grams. Other potential lines of argument that counsel evaluates would be even weaker, because not raised at all in the district court. Indeed, Knox and his lawyer informed the judge that, with the exception of the issues we have just mentioned, they had no problems with the conclusions of the presentence report. That representation waived any other theories related to the sentence. See United States v. Scanga, 225 F.3d 780, 783 (7th Cir. 2000).

Let us now go back to where counsel began. In what seems to have become an obligatory performance in every Anders brief, counsel first inquired whether it is possible to challenge the guilty plea on the ground that the judge did not comply with Fed. R. Crim. P. 11. Knox did not ask the district judge for leave to withdraw his plea, so only plain error could justify relief, see United States v. Vonn, 122 S. Ct. 1043 (2002), and that is an exacting standard. See Johnson v. United States, 520 U.S. 461 (1997); United States v. Olano, 507 U.S. 725 (1993). Although counsel tells us that he found no flaws in the Rule 11 colloquy, he did not look closely enough. The district judge did not explicitly remind Knox of his right to plead not guilty, see Rule 11(c)(3)--though Knox, who already had pleaded not guilty and sought to alter that plea, obviously knew this-- and failed to inform Knox what could happen if he violated the terms of the supervised release that would follow his imprisonment, see Rule 11(c)(1). Again it is likely that Knox knew that bad things (such as a return to prison) lay in store if he failed to abide by the terms of release, but counsel's failure to find and discuss these shortcomings in the guilty-plea procedure raises some doubts about the thoroughness with which he prepared this Anders brief.

Yet there is an antecedent question: Does Knox want to withdraw his plea, forfeit the three-level reduction, go to trial, and take the risk of a longer sentence? The sentence is likely to be longer not only because the range will jump to 324-405 months if everything else

stays the same while Knox loses the reduction for acceptance of responsibility, but also because the testimony at trial may identify additional relevant conduct, which could produce a higher sentence without any claim of prosecutorial vindictiveness. See Alabama v. Smith, 490 U.S. 794 (1989). What is more, the judge might ask the jury to decide whether Knox distributed more than 5 grams of crack; if the jury answered yes, the maximum sentence would jump to 40 years per count. 21 U.S.C. sec.841(b)(1)(B)(iii). Appellate lawyers are not obliged to raise issues that could boomerang on their clients; it is no failure of advocacy to leave well enough alone.

  Defendants are entitled to competent appellate representation. Good advocates do not raise every non-frivolous legal issue. Counsel's duty is to present those contentions that promote the client's interest. Sometimes a litigant may want to take a potentially injurious step, and because it is his liberty that lies in the balance courts allow defendants to do so at trial. Thus before a case concludes in the district court counsel should consult with the client to determine whether the accused wants to withdraw the plea. Cf. Roe v. Flores-Ortega, 528 U.S. 470, 477-81 (2000). But if a client should express a desire to advance a Rule 11 argument on appeal, counsel would be entitled to make an independent decision. A lawyer may limit appellate arguments to those that in his best judgment would do more good than harm. See Jones v. Barnes, 463 U.S. 745 (1983). Cf. Martinez v. Court of Appeal, 528 U.S. 152 (2000). Lawyers should not blindly assume that their clients will benefit from every legal contention, no matter the hazard, and in particular should not present (or even explore in an Anders submission) a Rule 11 argument unless they know after consulting their clients, and providing advice about the risks, that the defendant really wants to withdraw the guilty plea. See United States v. Driver, 242 F.3d 767, 770 (7th Cir. 2001). Nothing we have seen suggests that Knox wants to withdraw his plea, so we do not think it matters that counsel has supplied a substandard assessment of the tools that might be available if Knox did want to start over.

Knox received notice of counsel's desire to withdraw, see Circuit Rule 51(b), and has filed three responses. These evince dissatisfaction with the length of his sentence and a desire to argue that counsel was ineffective at sentencing for not making additional objections to the presentence report and not presenting evidence in opposition to the prosecutor's witnesses. An ineffective-assistance claim would be premature on direct appeal; Knox may pursue his options under 28 U.S.C. sec.2255. See Glover v. United States, 531 U.S. 198 (2001). Knox believes that the calculation ofrelevant conduct is limited to the drug quantities listed in the indictment, but that view is untenable. See Edwards v. United States, 523 U.S. 511 (1998); United States v. Bjorkman, 270 F.3d 482 (7th Cir. 2001). The closest Knox comes in any of his three filings to expressing a desire to withdraw the plea is this passage: "Counsel was ineffective for tell me to Plead guilty to three counts, when He Had only Two laboratory Analysis Reports, and I consistently Told frist Counsel [the appellate lawyer's predecessor] I only Remember Two (2) sales to c/s". This story conflicts with what Knox said in open court, where he told the judge that he was pleading guilty to all three counts because he did what the indictment alleges and thus is guilty. A defendant's assertion that he committed perjury in the judge's presence is a poor reason to start anew. United States v. Stewart, 198 F.3d 984 (7th Cir. 1999). See also Blackledge v. Allison, 431 U.S. 63, 74 (1977); Menna v. New York, 423 U.S. 61, 62 n.2 (1975). Still, unless Knox wants to withdraw his plea to all three counts, he has little to gain from this appeal, and much to lose (for going to trial on even one count, or frivolously denying relevant conduct during resentencing, could cost him his reduction for acceptance of responsibility). Nothing in any of Knox's filings hints that he wants all three guilty pleas vacated. His filings do not imply that he was ignorant of his right to plead not guilty or that details about supervised release entered into his decision to plead guilty. As a result his lawyer had no duty to explore legal theories that might have been put to use in quest of that goal.

Counsel's motion to withdraw is granted,

Knox's motions for appointment of a different lawyer are denied, and the appeal is dismissed as frivolous.

   RIPPLE, Circuit Judge, dissenting.  I cannot join in my colleagues' decision to accept the Anders brief submitted by counsel, to permit counsel to withdraw and to dismiss the appeal as frivolous.

   At this early stage of the proceedings, our first task is to determine whether we ought to permit counsel to withdraw and then dismiss the appeal as frivolous. In my view, this Anders brief is inadequate. Despite counsel's assurances that no Rule 11 violation occurred during the plea colloquy, it is clear that the district court did not advise Mr. Knox that he had the right to plead not guilty, as required by Rule 11(c)(3), nor did it inform him of the consequences for violating the terms of his supervised release, as required by Rule 11(c)(1).

   One of the reasons that defense counsel is required to submit an Anders brief rather than a mere "no-merit letter" is that an Anders brief assists the appellate court in its review "because of the ready references not only to the rec ord, but also to the legal authorities as furnished by counsel." Anders v. California, 386 U.S. 738, 745 (1967). In this way, the confidence of the appellate court that the appeal raises no non-frivolous issues and the confidence of the indigent defendant that his case received the "advocacy which a non-indigent defendant is able to obtain" are assured. Id. at 745. Here, counsel has failed to notice the Rule 11 violations and so has not advised this court of the worth in appealing the matter. Counsel's brief, therefore, provides us with no more assistance than the no-merit letter rejected by the Supreme Court in Anders. See Anders, 386 U.S. at 744-45 ("The no-merit letter . . . affords neither the client nor the court any aid.").

   In dismissing this appeal, my colleagues excuse the omission of counsel because nothing suggests that Mr. Knox wants to withdraw his guilty plea, and a withdrawal of the plea may put Mr. Knox in jeopardy of receiving a higher

sentence should he be convicted after a trial. This conclusion, in my view, is premature at best. If counsel did not recognize the infirmities of the Rule 11 colloquy, it is apparent that he also did not apprise his client of these matters and of the consequences of raising the error on appeal. After receiving such advice, the defendant may well determine, for the reasons given by my colleagues, not to raise the matter. However, this court ought not express a view on the advisability of raising the issue or on the merits of the issue until we can be certain that the defendant, with the advice of counsel, has considered it. As has been the practice of this court, we should order counsel for Mr. Knox to evaluate the Rule 11 violations and to determine whether it indeed would be frivolous to appeal the issue. For instance, in United States v. Graves, 98 F.3d 258, 259 (7th Cir. 1996), after counsel had submitted an Anders brief re citing that there had been no violations of Rule 11, we ordered counsel to consider two specific Rule 11 issues--the district court's failure to advise the defendant that any statement he made at the plea hearing could be made the basis of a perjury prosecution of him, and the misrepresentation of the availability of good-time credits for the offense. See also United States v. Robinson, 96 F.3d 246, 254 (7th Cir. 1996) (granting counsel's motion to withdraw, after counsel filed an Anders brief submitting that there had been no Rule 11 violation, but appointing new counsel to address the issue of whether the government's proffer of proof in support of the guilty plea was sufficient); United States v. Tuangmaneeratmun, 925 F.2d 797, 800 (5th Cir. 1991) (after counsel filed an Anders brief stating that the district court had accepted the plea in full conformity with the requirements of Rule 11, the court directed counsel to address the district court's failure to explain the effects of supervised release).

In short, we ought to proceed at a measured pace in adjudicating this case. We ought not take definitive action on this appeal until we can be confident that counsel has evaluated thoroughly the case and made with his client a careful determination as to whether to raise the adequacy of the Rule 11 determination.