UNITED STATES of America,
Plaintiff–Appellee,

v.

Samar CHATTERJEE, Defendant–
Appellant.

No. 02–3863.

United States Court of Appeals,
Seventh Circuit.

Submitted June 25, 2003.

Decided July 14, 2003.

Before BAUER, COFFEY, and EVANS, Circuit Judges.

## ORDER

Samar Chatterjee was on probation for mail fraud when he fled the country without permission. Police arrested him when he reentered the country. The district court found him in violation of the terms of his probation, revoked his probation, and resentenced him to an additional two years' incarceration. He filed a notice of appeal, and his counsel now seeks to withdraw because he is unable to identify a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We notified Chatterjee of his counsel's motion, *see* Circuit Rule 51(b), and he did not respond. Counsel's supporting *Anders* brief is facially adequate, so we confine our review to the potential issues discussed in that brief. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). We agree with his defense counsel that Chatterjee's potential issues for appeal are frivolous, and dismiss Chatterjee's appeal and grant counsel's motion to withdraw.

In 1989 Samar Chatterjee pleaded guilty to three counts of mail fraud after billing the federal and state Environmental Protection Agencies and the South Stickney sanitary district for consulting work he had not actually completed. The court dismissed the remaining counts against him (the record does not reflect how many remaining counts there were). Because Chatterjee committed his crimes before the Sentencing Guidelines were adopted, the court sentenced him under pre-Guideline law. On one of the mail fraud counts (count 2), the court sentenced him to four years' imprisonment; the court suspended the sentences on the remaining mail fraud counts (counts 31 and 32) and ordered him to serve five years' probation on each count, concurrent to each other but consecutive to his term of imprisonment. The court also ordered him to pay $220,000 in restitution.

After he was released from prison and had completed his parole, Chatterjee began to serve probation. But a short time

later he left the country without permission from his probation officer or the court and traveled to India to care for his dying father. The court issued a warrant for his arrest, and some ten years later police took him into custody when he illegally reentered the United States. Chatterjee admitted at his probation revocation hearing that he had violated the terms of his probation, and the district court sentenced him to two years' imprisonment on count 31, two years' probation on count 32, and reimposed restitution.

■ In his *Anders* brief, counsel first considers whether Chatterjee could make a nonfrivolous argument that the district court erred in revoking his probation. Under Federal Rule of Criminal Procedure 32.1, a defendant may challenge the government's charge that he violated the terms of his probation. But by admitting that he violated the terms of his probation, Chatterjee waived his rights under Rule 32.1 and can thus only challenge the revocation by arguing that his waiver was not knowingly and voluntarily made. *See United States v. LeBlanc,* 175 F.3d 511, 515 (7th Cir.1999). To determine whether a defendant's waiver was knowingly and voluntarily made, a court must examine the totality of the circumstances, including whether the defendant understood the charges against him and the possible sentence, and entered into the plea of guilty voluntarily with such knowledge. *Id.* at 517. After reviewing the record we believe that any argument that Chatterjee's waiver was not knowingly and voluntarily made would be frivolous. For instance, he acknowledged the charges against him by admitting on two separate occasions that they were true–once in a letter he wrote to the court before his revocation hearing and again during the hearing. We are also convinced after reviewing the presentence report that Chatterjee understood that he

could be sentenced to an additional two years in jail because that was the sentence recommended in the report, a copy of which the court ordered the probation office to give to Chatterjee before the hearing. Furthermore, according to counsel, Chatterjee has expressed no interest in challenging his waiver on the basis that it was involuntary. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002).

■ Next, counsel considers whether Chatterjee could challenge his post-revocation sentence on the basis that the district court abused its discretion by entering an excessive sentence. Once the district court revoked Chatterjee's probation on counts 31 and 32, it was free to resentence him. 18 U.S.C. § 3565(a)(2). The maximum sentence permitted at the time was five years of imprisonment on each count. *See* 18 U.S.C. § 1341 (1988) (amended in 2002 to raise the maximum term to 20 years). Because the district court's sentence of two years' imprisonment on count 31 and two years' probation on count 32 falls below the statutory maximum, we review the sentence under the pre-Guideline "manifest abuse of discretion" standard. *United States v. Ray,* 828 F.2d 399, 425 (7th Cir.1987). Taking into account Chatterjee's previous failure to abide by the terms of probation, his extended absence from the country, and the substantial amount of restitution he failed to pay, any argument that the district court abused its discretion when it sentenced Chatterjee to an additional two years' incarceration and probation would be frivolous.

■ Finally, counsel discusses whether Chatterjee could challenge his original 1989 mail fraud conviction. This challenge would be frivolous for a number of reasons. First, it is well beyond the 10–day deadline to appeal his original conviction. *See* Federal Rule of Appellate Procedure 4(b)(1). Second, he may not attack his

original conviction and sentence under 28 U.S.C. § 2255 because it is well beyond the one-year deadline to bring a petition under that statute. Third, a probation revocation proceeding is not the proper avenue to attack the validity of the original conviction. *United States v. Thomas,* 934 F.2d 840, 846 (7th Cir.1991).

We agree with counsel that an appeal by Chatterjee is without merit, and DISMISS Chatterjee's appeal and GRANT counsel's motion to withdraw.