NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2009
Decided June 8, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 07-2938

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 3:06-cr-30041 |
| LARRY W. NORWOOD, *Defendant-Appellant.* | Jeanne E. Scott, *Judge.* |

**O R D E R**

Larry Norwood moved to suppress the marijuana found in his tractor-trailer following a traffic stop for following another vehicle too closely and failing to display the proper commercial vehicle markings on the truck. After the district court denied the motion, Norwood entered a conditional guilty plea to the charge that he intended to distribute the drugs, *see* 21 U.S.C. § 841(a)(1), and was convicted and sentenced to ten years imprisonment. Norwood appealed, but his appellate counsel, after review of the record, concluded that each of the potential arguments that be might be advanced to challenge his conviction or sentence are frivolous and he seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). In reviewing his motion, we address only those potential issues identified in counsel's supporting brief and Norwood's response under Circuit Rule 51(b). *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

An Illinois state trooper, Nathan Miller, testified at the suppression hearing that he pulled Norwood over on Interstate 55 near Springfield, Illinois since Norwood's truck lacked what are referred to as proper markings[1] and was also observed following another vehicle too closely. During that traffic stop, Trooper Miller conducted a limited investigation and concluded that something more was afoot after he ran a criminal background check and learned of his previous narcotics trafficking conviction. Norwood further aroused Officer Miller's suspicion when he revealed, and the trooper observed, that (unlike most long-haul truckers) he did not have any bedding in his cab, and responded evasively to some of Miller's questions concerning his previous conviction. Speaking to Norwood, Miller then asked, "would you give us consent to a search?" Norwood immediately responded, "Yeah." The trooper waited for backup assistance and then proceeded to search the semitrailer, including the cab.[2] Miller found nothing in the trailer, but discovered three large duffel bags of marijuana in the truck's sleeping compartment. Norwood was then arrested and charged with possession with intent to distribute drugs, in violation of 21 U.S.C. § 841(a)(1).

Prior to trial, Norwood moved to suppress the drug evidence and, during a hearing on the motion before a magistrate judge, the defendant focused on the scope of the search to which he had consented. Norwood insisted that he limited his consent to the trailer. To the contrary, Trooper Miller testified that Norwood never said anything to that effect—even when Miller told him that he planned to search the cab[3]—and in fact he invited Miller to search the cab. Norwood did not challenge Miller's testimony, but claimed that after he watched Miller exit the trailer but prior to the search of the cab he told another officer, Sergeant Carter, that he was withdrawing his consent to search that portion of the truck. Sergeant Carter testified that Norwood did not limit the search in any way and, in fact, the

---

[1]Trooper Nathan Miller testified that the cab lacked trucking company identification, as required by regulations. He was referring to the Illinois statute that states, "no intrastate carrier shall operate any motor vehicle upon the public roads of this State unless there is painted or affixed to both sides of the cab or power unit . . . the trade name of the carrier . . . together with the license and registration number of the carrier." 625 Ill. Comp. Stat. 5/18c-4701 (1999).

[2] The cab is a term commonly used to refer to the driving and sleeping compartment of a semitrailer.

[3]At trial, Miller testified that he asked Norwood, "would you give us consent to a search?" and Norwood replied, "Yeah." Miller continued by stating "I appreciate your consent to search." He also stated that later, Norwood warned, "There's no bedding, nothing in the truck." Miller replied, "I am glad you said that, it is something I would have noticed when I searched." In his own testimony, Norwood claims to have later limited his search in a conversation with Sergeant Carter. Yet, the sergeant refuted that claim at trial by explaining that he has no recollection of any such conversation.

two men did not even discuss the scope of the search.  After hearing this testimony, the presiding magistrate judge discredited Norwood's account because it was inconsistent with his other testimony and was contradicted by both officers.  After reviewing the transcript of the magistrate's hearing, the district judge found that the search of the cab consensual and denied the motion.  After his motion was denied, Norwood changed his plea to guilty, and reserved the right to appeal.

Initially, appointed counsel examines whether Norwood could challenge the validity of his guilty plea and the district judge's refusal to allow him to withdraw it.  This discussion is misplaced, however, because counsel now states that Norwood does not wish to challenge his guilty plea.  *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

The only other potential issue identified by counsel is whether the district judge erred in denying the motion to suppress.  At the suppression hearing, Norwood conceded that he consented to a search of the trailer, but testified that he told Sergeant Carter that the troopers "don't have consent" to search the cab.  The undisputed consensual search of the truck's trailer poses no Fourth Amendment problems, *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973), so counsel focuses on whether Norwood could argue that a search of the cab exceeded the scope of his consent.  While in his Rule 51(b) response,  Norwood argues that he consented to the search while under the impression that the police planned to search only the trailer, since they never specified what parts of the rig they were interested in and their request to search came on the heels of a question regarding his cargo.

We agree with counsel that it would be frivolous to pursue the argument concerning the scope of consent because it is determined not by Norwood's understanding of the agreement, but that of a reasonable person witnessing the interaction between Norwood and the troopers.  *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991); *United States v. Bernitt*, 392 F.3d 873, 877 (7th Cir. 2004).  Based upon the evidence presented, we are convinced that the district judge did not commit clear error in finding that a reasonable person observing this scene would have deemed the cab within the scope of Norwood's consent.  After all, it is undisputed that Norwood voiced no objection when Miller told him that he planned to search the cab and that Norwood later invited Trooper Miller to search the cab; the district judge found that there was no credible evidence that Norwood ever withdrew his consent.

Norwood suggests one further issue: whether the district court erred in determining that Miller had probable cause to stop his truck in the first place.  Specifically, Norwood contends—contrary to Miller's testimony—that his truck was properly marked with valid operating company identification and further that he was not following the vehicle in front of him too closely, and states that this is substantiated by a series of unauthenticated photographs of a truck (presumably his) and DVD footage recorded from a camera in

Miller's cruiser. But an officer has probable cause for a traffic stop whenever he has an "objectively reasonable" basis to believe a traffic law has been breached. *United States v. Dowthard*, 500 F.3d 567, 569 (7th Cir. 2007). Relying on the DVD of the stop, in which Norwood could be heard asking Miller to excuse his truck's improper markings because a body shop had just replaced some panels, the district court concluded that Trooper Miller had an objectively reasonable belief that the truck lacked proper identification markings. Norwood has presented no evidence to contradict the district court's finding, and it would be frivolous to argue that the district court clearly erred.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.