**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 12, 2009
Decided August 12, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-4082

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 08-CR-53-C-01 |
| WALTER McCOY, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Walter McCoy pleaded guilty to distributing crack cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to 100 months' imprisonment. McCoy appeals, but his appointed counsel has moved to withdraw because he cannot identify any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738 (1967). McCoy has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issue outlined in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel informs us that McCoy does not wish to challenge his guilty plea, so counsel properly refrains from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

The district court set a base offense level of 32 because McCoy qualified as a career offender, *see* U.S.S.G. § 4B1.1, and subtracted three levels for acceptance of responsibility, *see id.* § 3E1.1, for a total offense level of 29. McCoy's career-offender status also resulted in a criminal history category of VI. *See id.* § 4B1.1(b). Based on the total offense level of 29 and criminal history category of VI, the guidelines range for imprisonment was 151 to 188 months. The district court concluded, however, that McCoy's criminal history category was overstated because his prior felony convictions occurred in 1995. *See id.* § 4A1.3(b)(1). The court then sentenced McCoy to 100 months' imprisonment, explaining that this below-guidelines term was reasonable to hold him accountable for his offense.

The only possible issue evaluated by counsel is whether McCoy could argue that a 100-month prison sentence is unreasonable. But that term is more than four years less than the low end of the guidelines range and is presumptively reasonable. *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). It would be patently frivolous to argue that a sentence so greatly reduced from the low end of the applicable guidelines range is unreasonable. *See United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008) ("We have never deemed a below-range sentence to be unreasonably high."); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005) ("It is hard to conceive of below-range sentences that would be unreasonably high.").

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.