NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 16, 2010
Decided June 17, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 09-4119 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 981-1 |
| GERARDO BAEZ-LEYVA, *Defendant-Appellant.* | Ruben Castillo, *Judge*. |

**O R D E R**

Gerardo Baez-Leyva, a courier for the Sinaloa Cartel, a Mexican drug-trafficking organization, delivered twenty kilograms of heroin to an undercover DEA agent. He pleaded guilty to conspiracy to possess with intent to distribute heroin, 21 U.S.C. §§ 846, 841(a), and the district court sentenced him to 135 months' imprisonment, the low end of the guidelines range. Baez-Leyva appeals, but his appointed lawyer seeks to withdraw because he has concluded that there are no meritorious issues to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Baez-Leyva did not respond to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Baez-Leyva informed counsel that he does not want his guilty plea vacated, so

counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel first considers whether Baez-Leyva could challenge the district court's finding that he was ineligible for the "safety valve," which provides a two-point decrease in offense level for certain nonviolent, first-time drug offenders and permits the district court to impose a sentence below a statutory minimum. 18 U.S.C. § 3553(f); U.S.S.G. §§ 2D1.1(b)(11), 5C1.2. To qualify for the safety valve, a defendant must, among other things, truthfully provide to the government "all information and evidence" he has "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). At sentencing the government argued that Baez-Leyva had not satisfied this requirement because he insisted at his safety-valve proffer that the twenty-kilogram delivery (worth roughly a million dollars) was his sole involvement with the cartel. Baez-Leyva responded that there was no direct evidence that his role had been more extensive than he admitted, but the government argued, and the district court agreed, that a stranger to a large-scale drug-trafficking organization would not have been entrusted with such a valuable delivery. Baez-Leyva had the burden of proving that he provided a full and honest disclosure to the government, and we would review for clear error the district court's finding that he failed to meet this burden. *See United States v. Montes*, 381 F.3d 631, 634 (7th Cir. 2004). Baez-Leyva simply asserted through counsel that he had been forthright during the proffer, but this was insufficient to demonstrate his eligibility for the safety valve. *See id.* at 637; *United States v. Ponce*, 358 F.3d 466, 468 (7th Cir. 2004). In light of the improbability that the cartel would have assigned Baez-Leyva a million-dollar delivery as his first task, we agree with counsel that it would be frivolous to argue that the district court's finding is clearly erroneous.

Counsel also considers whether Baez-Leyva could challenge the reasonableness of his prison sentence. On appeal we would presume Baez-Leyva's within-guidelines sentence to be reasonable, *see United States v. Zohfeld*, 595 F.3d 740, 743 (7th Cir. 2010), and we see nothing in the record that would rebut this presumption. The district court imposed sentence only after considering the factors under 18 U.S.C. § 3553(a), particularly the very large quantity of heroin involved, and we therefore agree with counsel that any challenge to the reasonableness of Baez-Leyva's sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.