**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Miguel ALVAREZ, Defendant–Appellant.**

**No. 10–3331.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 17, 2011.

Decided Aug. 17, 2011.

Daniel Kapsak, Attorney, Office of the United States Attorney, Fairview Heights, IL, for Plaintiff–Appellee.

Andrew J. Mcgowan, Attorney, Richard H. Parsons, Attorney, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Miguel Alvarez, Seagoville, TX, pro se.

Before WILLIAM J. BAUER, Circuit Judge, DIANE S. SYKES, Circuit Judge, and DAVID F. HAMILTON, Circuit Judge.

### ORDER

Miguel Alvarez hired couriers to haul 30 kilograms of powder cocaine from Dallas to Chicago, but the couriers were caught in Illinois and fingered Alvarez as their leader. Alvarez, in turn, was indicted for possessing with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and a related conspiracy count, *id.* § 846. He pleaded guilty under an agreement containing a broad waiver of appellate rights, which forecloses any claim other than a challenge to the reasonableness of a sentence outside the guidelines imprisonment range as determined by the district court. The district court calculated that range as 151 to 188 months and imposed concurrent terms at the high end, plus 5 years' supervised release. Alvarez filed a notice of appeal despite his waiver, but his appointed attorney has concluded that the case is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Alvarez has not responded to counsel's submission. *See* CIR. R. 51(b).

As appellate counsel recognizes, Alvarez's appeal waiver renders this case frivolous. Alvarez has told counsel that he does not want his guilty pleas vacated, so counsel rightly has omitted discussion of possible challenges to the plea colloquy or the voluntariness of those pleas. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir.2002). And since an appeal waiver stands or falls with the guilty plea, *United States v. Quintero*, 618 F.3d 746, 752 (7th Cir.2010); *Nunez v. United States*, 546 F.3d 450, 454 (7th Cir.2008), Alvarez's waiver stands.

We GRANT counsel's motion to withdraw and DISMISS the appeal.