NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 16, 2011
Decided November 28, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 11-2094

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:10cr98-001 |
| DAVID LEROY LEE, *Defendant-Appellant.* | James T. Moody, *Judge.* |

**O R D E R**

David Lee robbed several Indiana banks from 2008 to 2010. In each robbery he handed a bank teller a note demanding money and stating that he was armed with a gun. He pleaded guilty to five counts of bank robbery in violation of 18 U.S.C. § 2113(a) and agreed to a broad waiver of his appellate rights, including his right to challenge his sentence. The district court sentenced Lee on each count to 115 months——the top of the guidelines range——to be served concurrently. Lee filed a notice of appeal, but his appointed counsel contends that the appeal is frivolous and seeks permission to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Lee did not respond to counsel's motion to withdraw. *See* CIR. R. 51(b).

Lee has told his counsel that he does not want to have his guilty pleas vacated. Counsel therefore properly refrains from discussing the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel does consider whether Lee could challenge his sentence, but concludes that doing so would be frivolous in light of the broad appeal waiver included in his plea agreement. Lee expressly waived his right to challenge a within-guidelines sentence in that agreement. An appeal waiver stands or falls with the guilty plea, *United States v. Quintero*, 618 F.3d 746, 752 (7th Cir. 2010), and therefore any challenge to Lee's sentence would be frivolous.

We GRANT counsel's motion to withdraw and DISMISS the appeal.