**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2012
Decided February 2, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2613

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-40102-001 |
| JEREMY J. LEE, *Defendant-Appellant*. | Joe Billy McDade, *Judge*. |

**O R D E R**

Jeremy Lee was caught with images and a video of child pornography on his cell phone. He pleaded guilty without a plea agreement to one count each of receiving, 18 U.S.C. § 2252A(a)(2)(A), and possessing child pornography, *id.* § 2252A(a)(5)(B). The district court later vacated his conviction for possessing child pornography and sentenced him to 120 months' imprisonment—48 months below the low end of his guidelines range. Lee appeals, but his appointed counsel moves to withdraw because he cannot identify any nonfrivolous issues for review. *See Anders v. California*, 386 U.S. 738 (1967). Lee opposes this motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and in Lee's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel explains that Lee does not want his guilty plea set aside, and Lee does not dispute that representation in his Rule 51(b) response. Thus, counsel appropriately omitted from his brief any discussion of the adequacy of the plea colloquy or the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel considers whether Lee could challenge his overall prison sentence, but counsel cannot point to any procedural error in the district court's calculation of the guidelines imprisonment range. The district court adopted the probation officer's properly calculated guidelines range of 168 to 210 months based on a Category II criminal history and a total offense level of 34, which included adjustments for material involving prepubescent minors, U.S.S.G. § 2G2.2(b)(2); bartering child pornography, *id*. § 2G2.2(b)(3)(B); material containing depictions of violence, *id*. § 2G2.2(b)(4); use of an interactive computer service to possess, transmit, receive, or distribute material, *id*. § 2G2.2(b)(6); possession of more than 10 images of child pornography, *id*. § 2G2.2(b)(7)(A); and acceptance of responsibility, *id*. § 3E1.1. The 120 months Lee received is substantially below the guidelines range and thus presumptively reasonable. *See United States v. Berg*, 640 F.3d 239, 255 (7th Cir. 2011); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008). Counsel has not identified any basis to set aside that presumption, nor have we. The district court expressly addressed Lee's arguments in mitigation—his limited criminal history and his own experience being sexually abused—when imposing a sentence below the range. We agree with counsel that a reasonableness challenge would be frivolous.

In his Rule 51(b) response, Lee proposes to raise several objections to the evidence the government would have used against him at trial. He maintains that he was not given *Miranda* warnings and that minors were improperly interviewed during the investigation. But an open guilty plea is unconditional, and an unconditional guilty plea waives these nonjurisdictional contentions, *see United States v. Combs*, 657 F.3d 565, 569 (7th Cir. 2011), so his proposed appellate arguments would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.