**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012
Decided February 22, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2045

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> HERIBERTO LOPEZ-AVILA, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 10 CR 861-1 <br><br> Sharon Johnson Coleman, <br> *Judge*. |

## O R D E R

Heriberto Lopez-Avila pleaded guilty to being in the United States illegally after having been deported. *See* 8 U.S.C. § 1326(a). The district court calculated a guidelines imprisonment range of 70 to 87 months and imposed a sentence of 72 months. Lopez-Avila filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Lopez-Avila has not responded to counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968,

973–74 (7th Cir. 2002).

Lopez-Avila has informed his attorney that he does not want his guilty plea set aside. Counsel thus appropriately omitted from his brief any discussion about the adequacy of the plea colloquy or the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel evaluates only whether Lopez-Avila could challenge his prison sentence. He first addresses whether to argue that the district court erroneously applied a 16-level upward adjustment in calculating Lopez-Avila's guidelines range. We agree with counsel that it would be frivolous to challenge that increase, which was automatic in view of the prison sentence Lopez-Avila had received for a prior drug-trafficking conviction (the term exceeded 13 months). *See* U.S.S.G. § 2L1.2(b)(1)(A)(i) (2010). Moreover, counsel said at sentencing that he did not object to the guidelines calculations.

Counsel then questions whether Lopez-Avila could challenge the reasonableness of his within-guidelines prison sentence, which is presumed reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pillado*, 656 F.3d 754, 772 (7th Cir. 2011). This potential argument also is frivolous. Counsel has not identified any basis to set aside the presumption of reasonableness, nor have we. The district court emphasized that Lopez-Avila not only has an extensive criminal history and but also continued to commit crimes against this country's citizens upon returning to the United States after twice being removed to Mexico. *See* 18 U.S.C. § 3553(a).

We GRANT counsel's motion to withdraw and DISMISS the appeal.