> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 21, 2012
Decided March 21, 2012

*Before*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-2126

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-CR-41 |
| DENNIS E. PENLTON, *Defendant-Appellant*. | Rudolph T. Randa, *Judge*. |

**O R D E R**

Dennis Penlton pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), after police searched his home with the consent of his live-in girlfriend and found in his bedroom both a loaded shotgun and a loaded pistol. The district court sentenced Penlton to 51 months' imprisonment, the bottom of his guidelines range. Penlton filed a notice of appeal, but his appointed lawyer has moved to withdraw because he cannot identify a nonfrivolous issue to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Penlton has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Because Penlton has told counsel that he does not want to challenge his guilty plea, counsel properly refrains from evaluating the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel does consider whether Penlton could challenge the district court's decision to increase his offense level by two for obstruction of justice, *see* U.S.S.G. § 3C1.1, but rightly concludes that any such challenge would be frivolous. The court explained that the increase was warranted for two independent reasons: (1) Penlton had perjured himself at a suppression hearing when he testified that he told police that they could not search his residence, when in fact he had not objected to a search; and (2) in a recorded phone call from jail Penlton tried to convince another occupant of his house to falsely claim possession of his guns. Section 3C1.1 may be applied when a defendant willfully gives false testimony to a judge that could influence an issue under determination, *id.* cmt. n. 4(F), 6; *United States v. Vallar*, 635 F.3d 271, 288–89 (7th Cir. 2011), and here Penlton's statements at the suppression hearing were relevant to the issue of consent and whether the firearms would be suppressed, *see Georgia v. Randolph*, 547 U.S. 103, 106 (2006) (holding that warrantless search of home is invalid when one occupant refuses permission to search even though another occupant consents). The adjustment also applies to attempts to impede the administration of justice during a prosecution, *see United States v. Pabey*, 664 F.3d 1084, 1094 (7th Cir. 2011), and Penlton's request to his housemate was an attempt to make it more difficult for the government to convict him of possessing the firearms.

Counsel also considers whether Penlton could challenge his overall prison sentence but aptly rejects this challenge as well. Penlton's within-range sentence of 51 months is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Aslan*, 644 F.3d 526, 531–32 (7th Cir. 2011), and counsel suggests no reason to set that presumption aside. The court also meaningfully considered the sentencing factors in 18 U.S.C. § 3553(a), noting on one hand Penlton's previous conviction for felony murder and his admission to using crack cocaine while on parole, and on the other hand his relatively clean record since his successful discharge from parole. Moreover, we agree with counsel that the court thoroughly considered a psychologist's report offered in mitigation by Penlton diagnosing him with mild mental retardation and several other mental disorders.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.