NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2013
Decided January 22, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 12-1896 & 12-1898

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | Nos. 10 CR 50047-1 & 11 CR 50042-1 |
| JOHN GLOVER, | |
| *Defendant-Appellant.* | Frederick J. Kapala, *Judge*. |

## O R D E R

John Glover was charged in separate cases with armed bank robbery, 18 U.S.C. § 2113(a), (d). He pleaded guilty to both violations and was sentenced to concurrent terms of 210 months' imprisonment. Glover filed a notice of appeal in both cases, but his appointed lawyer asserts that the appeals are frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Despite our invitation Glover has not responded to counsel's motion, see Cɪʀ. R. 51(b), and we limit our review to the issues identified in counsel's facially adequate brief, see *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel has determined that Glover does not want his guilty pleas vacated, and thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the pleas. See *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel first considers whether Glover could argue that the district court miscalculated his criminal history score when computing the guidelines range that would apply if all his prior convictions counted. The court, he notes, overlooked a provision of the guidelines—U.S.S.G. § 4A1.1(c)—under which no more than 4 total criminal-history points may be imposed for certain sentences of less than 60 days. If the court had applied § 4A1.1(c)'s 4-point limit, 1 conviction would have been excluded and he would have received 25 criminal-history points instead of 26. But counsel rightly concludes that any such challenge would be frivolous because, even if one fewer criminal-history point were given under § 4A1.1(c), Glover would still be placed in criminal-history category VI because of his career-offender status, see U.S.S.G. § 4B1.1(a), (b), and because any criminal history score above 12 would place him within that category. The court's error did not affect his sentence and was harmless. See *United States v. Moreno-Padilla*, 602 F.3d 802, 812 (7th Cir. 2010); *United States v. Abbas*, 560 F.3d 660, 666–67 (7th Cir. 2009).

Counsel next considers whether Glover could argue that his overall sentence is substantively unreasonable but correctly rejects that argument as frivolous. Glover's 210-month sentence was within the properly calculated guidelines range of 188 to 235 months and is presumed reasonable. *United States v. Grigsby*, 692 F.3d 778, 792 (7th Cir. 2012). We agree with counsel that the record presents no basis to disturb that presumption. The court adequately considered the sentencing factors in 18 U.S.C. § 3553(a), taking into account Glover's history and characteristics—including his rocky upbringing, history of mental illness, and extensive past violent behavior, noncompliance with the law, and substance abuse; the need for the sentence imposed to protect the public and deter future crimes, especially since Glover's previous sentences did not deter him from recidivating; and the need to provide Glover with correctional treatment, including treatment for substance abuse.

The motion to withdraw is GRANTED, and the appeals are DISMISSED.