> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2014
Decided July 21, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 12-1666 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Southern District of Indiana, |
| *Plaintiff-Appellee,* | Indianapolis Division |
| | |
| *v.* | No. 1:10-cr-00093 SEB/KPF |
| | |
| TONY CURRIE, | Sarah Evans Barker, |
| *Defendant-Appellant*. | *Judge*. |

## O R D E R

Our prior opinion ordered a limited remand of this case to the district court so that the court could consider whether it would have imposed the same sentence of 121 months on defendant Tony Currie had it known that the applicable statutory minimum term was 60 months and not 120 months, as was assumed at sentencing. *United States v. Currie*, 739 F.3d 960, 966-67 (2014); *see Dorsey v. United States*, 132 S. Ct. 2321 (2012) (holding that the lower statutory minima and maxima for crack cocaine offenses adopted by the Fair Sentencing Act of 2010, 124 Stat. 2372, apply to defendants who are sentenced after the effective date of the Act, regardless of whether the offense was committed before or after that date).

After giving this matter its thorough and careful consideration on remand, the district court concluded that it would have imposed the same sentence on Currie knowing that the statutory minimum prison term was 60 months. R. 143. The court reminded us that in the written plea agreement, the parties had agreed upon a specific sentence of 121 months[1] pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C); and once it accepted the agreement, the court was bound to impose that sentence, *see* Rule 11(c)(3) & (4).This was a point that Currie had acknowledged in his appellate brief but that the government had not relied upon in defending the sentence imposed. In view of the plea agreement's provision as to the sentence, the district court considered *de novo* whether it would have accepted the plea agreement (and the sentence it called for) knowing of the 60-month minimum. Taking into account the Sentencing Guidelines, the parties' agreement upon a 121-month sentence, and the sentencing factors identified in 18 U.S.C. § 3553(a), the court concluded that it would have accepted the plea agreement and imposed the same sentence. Among other factors, the court noted that the stipulated sentence was at the low end of the range advised by the Guidelines; that Currie had pleaded guilty to two serious offenses (cocaine conspiracy and possession of a firearm by a convicted felon); that these offenses were committed while Currie was on home detention from a prior offense; and that Currie had an extensive criminal history as well as a personal history of uncontrolled alcohol addiction. R. 143 at 2-3. "The 121-month period of incarceration—jointly recommended by the parties and accepted by the undersigned judge—was deemed a legally reasonable sentence and was imposed on that basis alone. Had the mandatory minimum sentence been five years or ten years, it would not have made any difference under the circumstances of Currie's case." R. 143 at 3.

Currie faults the district court for not conducting a more extensive inquiry, and in particular for not considering whether he would have entered into the plea agreement had he been properly advised that the statutory minimum term for his

---

[1] The agreement called for a sentence at the low end of the advisory Guidelines range corresponding to an adjusted offense level of 29 (reflecting a three-point reduction for acceptance of responsibility) and a criminal history category as yet to be determined by the probation officer and the court. *See* R. 94 ¶¶ 3, 13. The points later assigned to Currie's criminal history put him into a criminal history category of IV. Coupled with the adjusted offense level of 29, that criminal history category produced a Guidelines sentencing range of 121 to 151months. Thus, the agreement effectively specified a sentence of 121 months.

narcotics offense was only 60 months; but his real quarrel is with the limited nature of the remand that we ordered. We asked the district court to consider whether it would have imposed the same sentence had it known that the lower statutory minimum term applied. 739 F.3d at 967. Pointing out that it was bound to impose the sentence that the parties themselves had agreed upon, the district court appropriately broadened the inquiry that we posed to include the question of whether the court would have accepted the plea agreement knowing of the lower minimum. R. 143 at 2. The court answered that question in the affirmative, and left no doubt that the statutory minimum did not influence its sentencing decision. R. 143 at 3-4. The district court's entry on remand satisfies us that any mistaken (in retrospect) understanding as to the statutory minimum term did not affect the court's decision to accept the plea agreement and the 121-month sentence it called for pursuant to Rule 11(c)(1)(C).

Currie's suggestion that he might not have entered into the plea agreement had he been aware of the correct statutory minimum does not persuade us that the district court ought to conduct further proceedings as to the validity of the agreement. No objection to the sentence or to the plea agreement was voiced below. The sole question before us is whether the court committed plain error in imposing the agreed-upon sentence. On the record before us, including the district court's response to the limited remand, we have no reason to believe that any such error occurred.

Significantly, Currie's brief does not suggest that he wishes to withdraw his guilty plea; indeed, when we posed that question at oral argument, counsel replied that he could not say whether his client wishes to withdraw his plea. *Cf. United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002) (lawyer should not pursue arguments as to adequacy of Rule 11 plea colloquy unless client wishes to withdraw his guilty plea). The plea agreement and the guilty plea are intertwined; if Currie does not wish to withdraw his guilty plea, then the point of further inquiry into the plea agreement eludes us.

Second, although there can be no doubt that the sentence imposed on Currie was based on the parties' Rule 11(c)(1)(C) plea agreement, *see Freeman v. United States*, 131 S. Ct. 2685, 2695-96 (2011) (Sotomayor, J., concurring in the judgment), Currie has given us no reason to believe that the agreement itself may be invalid as the result of a mutual mistake between the parties as to an essential term of the agreement. *See, e.g., United States v. Patterson*, 576 F.3d 431, 438 (7th Cir. 2009) (noting that mutual mistake as to an essential term of the plea agreement can invalidate the plea). Certainly it is true that the agreement, like the plea colloquy, reflects a shared misunderstanding of the applicable statutory minimum. R. 94 ¶ 1(a); R. 130 at 6. Had the agreement reserved to the district

judge the discretion to choose a sentence within the broad statutory range of possible punishment, Currie might have a plausible argument that the statutory minimum prison term reflected in the agreement was an essential term of that agreement. *See United States v. Barnes*, 83 F.3d 934, 938 (7th Cir. 1996) (citing "the limits of the district court's sentencing authority" as an example of an essential term). But this plea agreement called for a specific sentence at the low end of the range advised by the Sentencing Guidelines (R. 94 ¶ 3), and the Guidelines that were used in arriving at Currie's sentence were the November 2011 Guidelines, which incorporated the changes with respect to offenses involving crack cocaine called for by the Fair Sentencing Act of 2010 (*see* R. 130 at 9; R. 109 at 6). Whether the statutory minimum prison term was 60 months or 120 months did not affect the Guidelines range. And, as the district court pointed out, once it accepted the plea agreement, it had no discretion to impose anything *but* the agreed upon Guidelines sentence. In short, the agreement on its face suggests that the essential term of the contract insofar as the sentence was concerned was not the statutory minimum, but rather the agreed upon sentence and the Guidelines calculations upon which that sentence was based. *See Patterson*, 576 F.3d at 438 (noting that in context of Rule 11(c)(1)(C) plea agreement, specified sentence is essential term of the agreement) (citing *Barnes*, 83 F.3d at 938); *cf. Freeman*, 131 S. Ct. at 2697-98 (Sotomayor, J., concurring in the judgment) (controlling opinion in 4-1-4 decision) (indicating that when a sentence agreed to in Rule 11(c)(1)(C) plea agreement is expressly based on a Guidelines range that is later lowered, defendant is eligible for sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) because the sentence is ultimately based on that range). There is no suggestion whatever that the parties were mistaken as to what version of the Guidelines would apply, as to the relevant Guidelines calculations, or as to what the low end of the relevant range would be. Currie received exactly the sentence that he bargained for and expected.

In sum, on the record before us, Currie has not demonstrated that plain error occurred or may have occurred either in the district court's acceptance of the Rule 11(c)(1)(C) plea agreement or in the imposition of a sentence in accord with that agreement. He has not indicated that he wishes to withdraw his plea, in exchange for which he received substantial benefits, including the dismissal of several of the charges and maximum credit for his acceptance of responsibility. The agreement called for a specific Guidelines sentence, and so far as the record reveals, that sentence was based on the parties' accurate understanding of the Sentencing Guidelines rather than their mistaken understanding of the statutory minimum term on the cocaine charge.

Being satisfied that no plain error occurred with respect to Currie's sentence, we now AFFIRM the sentence.