**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2017[*]
Decided November 9, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3620

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 CR 521-11 |
| DUANE G. ROGERS, *Defendant-Appellant*. | Elaine E. Bucklo, *Judge*. |

**O R D E R**

The night before Duane Rogers was to stand trial in Colorado for sexually assaulting his stepdaughter, he fled to Mexico. There he joined a fraudulent scheme that marketed timeshare properties. Rogers, a disbarred attorney, was involved in the operation for roughly two months and helped to defraud 87 victims of over $300,000.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

Rogers was arrested and eventually convicted and sentenced in Colorado for his state sexual-assault crime. In the Northern District of Illinois, he then pleaded guilty to wire fraud, 18 U.S.C. § 1343, for his participation in the Mexico scheme. Based on a guideline range of 51 to 63 months, the district judge sentenced Rogers to 47 months in prison and three years of supervised release.

Rogers filed a notice of appeal, but his attorney has moved to withdraw his appearance because, he contends, this appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). We grant counsel's motion and dismiss this appeal.

Counsel's supporting brief is facially adequate, so we "confine analysis to the issues discussed in the brief and in the defendant's response (if any) to it." *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014) ("By 'facially adequate' we mean that the brief appears to be a competent effort to determine whether the defendant has any grounds for appealing"). We invited Rogers to comment on his counsel's motion to withdraw, but he has not responded. *See* CIR. R. 51(b).

Counsel reports that Rogers does not wish to withdraw his guilty plea. Therefore, counsel appropriately does not consider challenging the voluntariness of the plea or the adequacy of the plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Next, counsel weighs whether to challenge Rogers's prison sentence but properly rejects this challenge as frivolous. There were increases to Rogers's base offense level for actual loss and substantial financial hardship, and any argument that these were erroneous is forfeited because Rogers did not object to them in the district court. Based on the record, there is no reason to believe that Rogers could show on appeal that the district court committed plain error. Furthermore, arguing that Rogers was entitled to a minor-participant reduction under U.S.S.G. § 3B1.2 would be futile because he was not "substantially less culpable than the average participant." *United States v. Thi*, 692 F.3d 571, 574 (7th Cir. 2012) (quoting *United States v. Leiskunas*, 656 F.3d 732, 739 (7th Cir. 2011) (internal quotations omitted)). As the district court found, dozens of telemarketers were less involved than Rogers, who represented himself as a trusted escrow agent and made the timeshare business appear more legitimate by polishing up fake paperwork that was sent to cheat victims out of money.

Arguing that the government should have moved for a departure for substantial assistance, *see* U.S.S.G. § 5K1.1, would also be frivolous, because although he attempted to cooperate, the government already had most of the information Rogers supplied. *See United States v. Billings*, 546 F.3d 472, 476 (7th Cir. 2008). It would not be worthwhile to argue that Rogers was improperly awarded one criminal-history point for a 2003 DUI in

Colorado, for which he received 18 months of probation. The guideline makes no exception for states in which the blood-alcohol level required for a violation is unusually low. *See* U.S.S.G. § 4A1.2, App. Note 5 ("Convictions for driving while intoxicated or under the influence . . . are always counted, without regard to how the offense is classified.").

Counsel next suggests challenging the judge's decision to impose the federal sentence consecutive to Rogers's Colorado prison sentence. But district judges have discretion to run a federal term of imprisonment consecutively to or concurrently with an unrelated state term. 18 U.S.C. § 3584; U.S.S.G. § 5G1.3(c); *United States v. Statham*, 581 F.3d 548, 555 (7th Cir. 2009). Here, the judge reasoned that because the federal fraud was completely unrelated to the state sexual assault, it should be punished with a separate prison sentence. It would be frivolous to argue that this sound justification for consecutive sentences was an abuse of discretion.

Last, counsel considers whether imposing supervised release was unreasonable. Rogers argued that he would already be subject to onerous restrictions under Colorado's strict regime for paroled sex offenders, so federal supervised release would add unnecessary conditions. But the judge gave valid reasons for the sentence as a whole, including the use of federal supervised release as a tool to increase the ability to collect restitution for the benefit of the fraud victims. The judge did not need to provide a separate explanation for the supervised release term. *United States v. Bloch*, 825 F.3d 862, 870 (7th Cir. 2016). Regardless, the judge did address Rogers's argument, and imposing supervised release was well within her discretion.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.