**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2011[*]
Decided October 26, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2299

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 10-CR-160-BBC-01 |
| EDWARD W. FEDOSKY, *Defendant-Appellant.* | Barbara B. Crabb, *Judge*. |

**O R D E R**

Edward Fedosky testified at a bankruptcy proceeding that a copy of a tax return he gave to the trustee was a true copy of one he had sent to the Internal Revenue Service, when in fact he hadn't sent it yet. He pleaded guilty to knowingly and fraudulently making a false oath in a bankruptcy case. *See* 18 U.S.C. § 152(2). The district court sentenced him to six

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C).

months' imprisonment, the bottom of his guidelines range. He appealed, but his appointed lawyer believes that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Fedosky did not accept our invitation to address counsel's submission. *See* 7TH CIR. R. 51(b). We confine our review to the potential issue that counsel identified in her facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel explains that she discussed with Fedosky whether he wants to challenge his guilty plea and that he gave "no affirmative indication" he wants to do so. Counsel thus properly omits discussion about the adequacy of the plea colloquy or the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel considers whether Fedosky might argue that his six-month sentence is unreasonable, but aptly rejects any such argument as frivolous. Fedosky's sentence is at the bottom of his guidelines range and thus presumptively reasonable, *see Rita v. United States*, 551 U.S. 338, 350–51 (2007); *United States v. Moreno-Padilla*, 602 F.3d 802, 810 (7th Cir. 2010), and counsel identifies no reason to disturb that presumption. When imposing this within-guidelines sentence, the district court properly applied the 18 U.S.C. § 3553(a) factors. The court discussed Fedosky's personal characteristics, noting his financial irresponsibility and "questionable honesty," *see* 18 U.S.C. §3553(a)(1); *United States v. Omole,* 523 F.3d 691, 698 (7th Cir. 2008), and the need to protect the community from someone who runs up debts that cannot be paid off, *see* 18 U.S.C. § 3553(a)(2)(c). These considerations, according to the court, outweighed Fedosky's argument that probation would be more appropriate given the absence of any loss resulting from the crime and his role as the sole provider for his family. The court discussed the relevant sentencing factors and addressed Fedosky's mitigating arguments, and was required to do nothing more. *See United States v. Kilgore*, 591 F.3d 890, 893 (7th Cir. 2010).

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.