**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2011
Decided November 3, 2011

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1765

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 CR 732-1 |
| CIPRIANO MUNOZ-PELAYO, *Defendant-Appellant.* | Amy J. St. Eve, *Judge*. |

**O R D E R**

After three prior illegal reentries and two prior removals, Cipriano Munoz-Pelayo illegally reentered the United States again some time after he was removed in 2007. He came to the attention of Immigration and Customs Enforcement officials after being arrested for drug possession in 2010. He later pleaded guilty to illegally reentering the United States, see 8 U.S.C. § 1326(a), and was sentenced to 48 months' imprisonment, 9 months below the bottom of the guidelines range.

Munoz-Pelayo filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and seeks permission to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). Munoz-Pelayo has not filed a response opposing counsel's motion. See CIR. R.

51(b). We limit our review to the potential issue identified in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel represents that Munoz-Pelayo does not want his guilty plea vacated and so appropriately omits discussing the adequacy of the plea colloquy or the voluntariness of the plea. See *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Munoz-Pelayo's counsel does consider whether Munoz-Pelayo could challenge his sentence, but properly concludes that any such challenge would be frivolous. As counsel notes, we presume that a below-guidelines sentence is reasonable, see *Rita v. United States*, 551 U.S. 338, 347-56 (2007); *United States v. Berg*, 640 F.3d 239, 255 (7th Cir. 2011), and counsel cannot identify any reason to disregard that presumption. The court also appropriately applied the 18 U.S.C. 3553(a) factors, discussing Munoz-Pelayo's criminal history and the seriousness of his repeated attempts to live illegally in the United States.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.