**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2011
Decided December 20, 2011

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 10-3234 | |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CR-287 |
| JEROME ALEXANDER WRIGHT, *Defendant-Appellant.* | C. N. Clevert, Jr., *Chief Judge.* |

**O R D E R**

Jerome Wright pleaded guilty to being a felon in possession of two firearms, 18 U.S.C. § 922(g)(1), and the district court sentenced him to 32 months of imprisonment. Wright filed a notice of appeal, but his appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967), because he cannot identify a nonfrivolous issue to pursue. Wright has not responded to his attorney's submission. *See* CIR. R. 51(b). We confine our review to the potential issue identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Wright has informed his attorney that he does not want his guilty plea set aside.

Thus, counsel appropriately omitted from his brief any discussion of the adequacy of the plea colloquy and the voluntariness of the guilty plea. *See United States v. Knox,* 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel considers whether Wright could argue that his 32-month sentence is unreasonable. But the district court properly calculated the guidelines range of 30 to 37 months, and Wright's within-guidelines sentence is presumed reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pillado*, 656 F.3d 754, 772 (7th Cir. 2011). Counsel cannot identify a reason to disturb that presumption. The court, acknowledging Wright's personal circumstances, commended him for returning to school and taking care of his children. *See* 18 U.S.C. § 3553(a)(1). But the court explained that Wright, as a convicted felon, needed a punishment that would reflect the danger of possessing firearms, particularly in a home with children. *See id.* § 3553(a)(2). Thus, we agree with counsel that it would be frivolous to challenge Wright's sentence.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.