NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012
Decided February 22, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2249

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 10-CR-171-WMC-01 |
| TYWON CANNON, *Defendant-Appellant.* | William M. Conley, *Chief Judge.* |

**O R D E R**

Tywon Cannon pleaded guilty to distributing heroin in violation of 21 U.S.C. § 841(a)(1) and was sentenced above the guidelines range to 36 months' imprisonment. Cannon filed a notice of appeal, but his attorney has moved to withdraw, concluding that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Cannon has not accepted our invitation to respond to counsel's motion, and we confine our review to the potential issues identified in counsel's facially adequate brief. *See* CIR. R. 51(b); *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first notes that Cannon does not want his guilty plea set aside and thus

properly refrains from discussing whether the plea was knowing and voluntary. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel next considers whether Cannon could argue that his sentence is unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Brown*, 610 F.3d 395, 397–98 (7th Cir. 2010). We will uphold as reasonable an above-guidelines sentence as long as the district court applied the factors in 18 U.S.C. § 3553(a) and adequately explained its reasons for imposing the sentence. *See United States v. Hill*, 645 F.3d 900, 911 (7th Cir. 2011); *United States v. Courtland*, 642 F.3d 545, 550 (7th Cir. 2011). Here the district court correctly calculated Cannon's guidelines range at 21 to 27 months (based on an offense level of 10 and category V criminal history) but determined that a within-guidelines sentence would understate the severity of his violent and extensive criminal history. *See* 18 U.S.C. § 3553(a)(2); U.S.S.G. § 4A1.3(a)(1). The court found "extremely troubling" Cannon's record, which included 12 prior adult convictions (only 3 of which were assigned criminal history points) and more than 20 other arrests. And although the court acknowledged that Cannon had shown he could hold a job and avoid drug use, it reasonably determined that his actions demonstrated a high likelihood of recidivism—a fact underscored by Cannon's almost immediate return to an "all-too-familiar way of life" after completing a 12-year kidnapping sentence. Accordingly, the court concluded that an above-guidelines sentence was necessary to accomplish the goals of sentencing, giving Cannon additional time to "address [his] demons" and protecting the public from his future crimes. *See* 18 U.S.C. §§ 3553(a)(2)(C), (D); *United States v. Valle*, 458 F.3d 652, 658–59 (7th Cir. 2006). In light of the court's explanation, it would be frivolous for Cannon to argue that his sentence was unreasonable.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.