NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 21, 2012
Decided March 21, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-3526

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-CR-59-BBC-01 |
| VICTOR HERRERA-LOPEZ, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Victor Herrera-Lopez, a citizen of Mexico, was removed to his home country in 2003 after he was caught possessing a controlled substance. He later reentered the United States unlawfully, and in 2006 he was arrested in Wisconsin for possession of cocaine with intent to deliver. After completing a prison sentence on a conviction for that charge, he was again removed in 2008. Two years later, back in this country, he was arrested in Wisconsin for driving under the influence and, once transferred to federal custody, he pleaded guilty to illegal reentry by a previously removed alien. 8 U.S.C. § 1326. In a presentence investigation report, a probation officer recommended a sentencing range of 46 to 57 months, based on a total offense level of 21 and a criminal history category of III. At sentencing, a judge asked Herrera-Lopez if he objected to the probation officer's report, and he responded, through counsel, that he did not. The judge then adopted the findings of the probation officer, but

chose to impose a below-guideline 40-month sentence based on the factors under 18 U.S.C.
§ 3553(a).

Herrera-Lopez appealed, but his appointed attorney has moved to withdraw on the
ground that all potential appellate claims are frivolous. *See Anders v. California*, 386 U.S. 738
(1967). We limit our review to the potential issues identified in counsel's facially adequate
brief and Herrera-Lopez's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.
2002).

Herrera-Lopez does not want his guilty plea set aside, so his counsel properly
forgoes discussion of the voluntariness of the plea or the district court's compliance with
Federal Rule of Criminal Procedure 11. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.
2002). Counsel's brief discusses whether Herrera-Lopez could challenge his 40-year
sentence as unreasonable. Counsel has not identified any ground to rebut the presumption
that a below-guidelines sentence is not unreasonably high, *see United States v. Liddell*, 543
F.3d 877, 885 (7th Cir. 2008), nor can we. In determining Herrera-Lopez's sentence, the
district court appropriately considered the factors in 18 U.S.C. § 3553(a): It warned Herrera-
Lopez that he needed to stop reentering this country unlawfully and using illegal drugs,
but it also observed that he had strong community ties. Weighing these factors, the court
reasonably concluded that a 40-month sentence would be sufficient to hold Herrera-Lopez
accountable for his actions and protect the community. We agree with counsel that any
challenge to the reasonableness of Herrera-Lopez's sentence would be frivolous.

We turn to Herrera-Lopez's response to counsel's motion, where he insists that the
district court erred in three ways: (1) It should have granted a downward departure for his
"cultural assimilation"; (2) it should have granted a downward departure because his status
as a removable alien disqualifies him from serving part of his sentence in a
minimum-security institution, half-way house, or community correction center, *see United
States v. Gonzalez-Portillo*, 121 F.3d 1122, 1123 (7th Cir. 1997)); and (3) the court imposed a
sentence above the two-year statutory maximum for the crime of illegal reentry under
8 U.S.C. § 1326(a), which he says is the crime charged in his indictment.

The two departure arguments are frivolous. Departures are obsolete now that the
guidelines are advisory, except that sentencing judges may consider the departure
guidelines when assessing the 18 U.S.C. § 3553(a) factors. *United States v. Lucas*, No. 11-1512,
2012 WL 638501, at *6 (7th Cir. Feb. 29, 2012). Those guidelines suggest a downward
departure for unlawful entry if a defendant has "assimilated" to local culture. U.S.S.G.
§ 2L1.2 cmt. n.8. But Herrera-Lopez waived this argument by failing to raise it at
sentencing. *United States v. Fudge*, 325 F.3d 910, 916 (7th Cir. 2003). Likewise he also waived
his request for a downward departure based on his status as a deportable alien by failing to

advance that contention at sentencing. In any event, it is not a valid ground for departure since his status as a deportable alien was an element of his crime. *United States v. Martinez-Carillo*, 250 F.3d 1101, 1107 (7th Cir. 2001). His final argument—that he was indicted only under 8 U.S.C. § 1326(a) and therefore cannot be penalized under the enhanced penalties of § 1326(b)—misrepresents the indictment. The indictment cites to § 1326 generally, and subpart (b) provides for enhanced penalties up to 20 years for reentry after having been convicted of an aggravated felony, such as his conviction for trafficking a controlled substance. Furthermore, the probation officer noted in the presentence report that the enhanced penalties of subpart (b) would apply, and Herrera-Lopez expressly waived objection to that conclusion at sentencing.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.