NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2012
Decided April 3, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-3535

| | |
|---|---|
| UNITED STATES OF AMERICA,<br> *Plaintiff-Appellee,*<br><br>  *v.*<br><br>LILIANA ARRAMBIDE,<br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 06 CR 138-13<br><br>James B. Zagel,<br>*Judge.* |

**O R D E R**

Liliana Arrambide pleaded guilty to one count of maintaining a house for the purpose of distributing controlled substances. *See* 21 U.S.C. § 856(a)(1). She was sentenced to 108 months' imprisonment and two years' supervised release. She filed a notice of appeal, but her appointed counsel contends that the appeal is frivolous and seeks permission to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Arrambide did not respond to counsel's motion to withdraw. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

As part of her plea agreement, Arrambide admitted that she allowed drug trafficker Lutgardo Chavez, Jr., and his accomplices to use her home for the storage and preparation for sale of the controlled substances cocaine, heroin, and fentanyl. She stipulated that her crime involved 92 kilograms of cocaine and 4.5 kilograms of fentanyl. The probation officer calculated her guidelines imprisonment range at 108 to 135 months based on her criminal history category of I and total offense level of 31 (which reflects a base offense level of 33, *see* U.S.S.G. § 2D1.1(a)(3)(B)(ii), (c)(2) (2008), with reductions of two levels each for the "safety valve," 18 U.S.C. § 3553(f); U.S.S.G. § 2D1.1(b)(11) (2008), and for being a minor participant in the offense, *id.* § 2B1.2(b), plus a two-level increase for obstructing justice by flushing some of the drugs down the toilet, *id.* § 3C1.1).

Before sentencing, Arrambide invoked her right to self-representation. *See Faretta v. California*, 422 U.S. 806 (1975). The district court found that she was competent to represent herself but tried to discourage her from doing so by describing the pitfalls of going pro se. Arrambide was unmoved. At sentencing she made just one argument: Because she belongs to the Moorish Science Temple of America—a religious organization that teaches that United States courts do not have jurisdiction over its members—the district judge lacked the power to sentence her. The court rejected this contention and encouraged her to argue for a particular sentence or to ask for leniency, but she declined.

In his *Anders* submission, appellate counsel briefly discusses Arrambide's guilty plea but notes that she does not want to challenge the plea on appeal. Thus counsel appropriately refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel does address whether Arrambide could raise a nonfrivolous challenge to her prison sentence but concludes that the answer is no. We agree. Counsel has not identified any potential error in the guidelines calculations, all of which Arrambide agreed to as part of her plea agreement. (The district court applied the 2008 guidelines rather than the 2009 guidelines, which were in effect when Arrambide was sentenced, but the oversight was harmless because the relevant provisions were not amended by the 2009 guidelines, though some section numbers were changed. *See United States v. Viemont*, 91 F.3d 946, 948 n.4 (7th Cir. 1996).) Arrambide's sentence of 108 months falls at the bottom of the imprisonment range and enjoys a presumption of reasonableness, *see Rita v. United States*, 551 U.S. 338, 350–51 (2007); *United States v. Hurn*, 496 F.3d 784, 790 (7th Cir. 2007). Counsel has not found any basis to challenge that presumption.

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.