NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 23, 2012
Decided August 30, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-2065

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division |
| *v.* | No. 12 CR 500019-1 |
| LEOBARDO LARA, *Defendant-Appellant*. | Frederick J. Kapala, *Judge*. |

**O R D E R**

This is Leobardo Lara's second trip to the court of appeals in connection with criminal charges that have been brought against him. The nature of the case has changed, however. In the first round, Lara had been charged with possession of marijuana with intent to distribute and with conspiracy to possess with intent to distribute, in violate of 21 U.S.C. §§ 846 and 841(a)(1). Along with some co-defendants, he appealed from his conviction on those charges and won a new trial. See *United States v. Pillado*, 656 F.3d 754 (7th Cir. 2011). On remand, however, the government abandoned the drug charges and chose to proceed with an information charging him with being an alien who is illegally in the United States and possesses a firearm, in violation of 18 U.S.C. § 922(g)(5)(A). Upon his appearance before the district court on March 19, 2012, Lara waived his right to an indictment by a grand jury and entered a plea of guilty to the information. On April 19, 2012, he appeared

for sentencing. The district court concluded that his offense level was a 15 and his criminal history category was I; this yielded an advisory guideline range of 18 to 24 months. The court imposed a sentence of 24 months, but it also deemed this sentence fully served, because by that time Lara had been in custody for 31 months. The court fined Lara $10,112.94, but it ruled that this fine had been satisfied by his earlier payment in connection with the earlier conviction, and it concluded that the $100 assessment could also be applied from the earlier case. Upon his release from custody, Lara was remanded to the custody of the U.S. Marshal pending removal proceedings; his release also began his three-year period of supervised release.

Lara has now appealed from his new conviction, but his appointed attorney has concluded that the appeal is frivolous and seeks to withdraw, citing *Anders v. California*, 386 U.S. 738 (1967). Lara has not responded to our notice pursuant to Circuit Rule 51(b). Our review is thus confined to the potential issues identified in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Lara does not wish to challenge his guilty plea, and so counsel appropriately refrains from addressing any issues connected with it. See *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Counsel has reviewed the district court's application of the U.S. Sentencing Guidelines in arriving at Lara's advisory sentencing range, as well as the court's application of 18 U.S.C. § 3553(a), and he sees no possible arguments that might be advanced on appeal. Before sentencing, Lara and the government anticipated both the offense level of 15 and the criminal history category of I that the court computed.

Counsel notes that Lara was not assigned any criminal history points, and so it is impossible to raise any issue about that aspect of his sentence. As for his offense level, the court began with a base level of 14, pursuant to U.S.S.G. § 2K2.1(a)(6) (the guideline that applies to prohibited persons, a term defined in cmt. app. n. 3 to include any person described in § 922(g)). (We note that the court may have referred to § 2K2.1(a)(6)(B), which in turn refers to § 922(d) offenses rather than § 922(g) offenses, but this error was harmless because the same 14-level baseline applies to prohibited persons. See § 2K2.1(a)(6)(A).) The base offense level was increased by four pursuant to U.S.S.G. § 2K2.1(b)(6)(B), because Lara possessed the firearm in connection with another felony offense – that of possessing 883 kilograms of marijuana with intent to distribute. Although this had been the subject of Lara's first appeal, this time around he agreed to the four-level enhancement as part of his negotiated plea agreement. His admission that a felony was being committed while he possessed the gun (an admission he made both in the plea agreement and during his colloquy with the court) forecloses him from raising any argument with respect to the four-level adjustment in his offense level.

Finally, the district court's decision to impose a sentence within the properly computed

guideline range is entitled to an appellate presumption of reasonableness. See *Rita v. United States*, 551 U.S. 338 (2007). Nothing in this record comes close to overcoming that presumption.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.