NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 22, 2013
Decided May 24, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3829

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-CR-131-BBC-01 |
| JEREMY HOGENKAMP, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

While Jeremy Hogenkamp was out on bond awaiting trial on state charges of possessing child pornography, the FBI searched his home and discovered additional images, many of them showing the violent rape of young children by adult men. After Hogenkamp was charged with multiple counts of possessing and distributing child pornography, *see* 18 U.S.C. § 2252(a)(2), (a)(4)(B), he pleaded guilty to one of the distribution counts as part of a plea agreement and was sentenced to an imprisonment term of 120 months. He filed a notice of appeal, but his appointed lawyer contends that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Hogenkamp has declined to respond to counsel's submission. *See* CIR. R. 51(b). We confine our review to

the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Hogenkamp has told his lawyer that he does not want his guilty plea vacated. Counsel therefore properly refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel does address whether Hogenkamp could raise a nonfrivolous challenge to his prison sentence and concludes that he could not. As counsel explains, the district court correctly calculated Hogenkamp's imprisonment range under the guidelines at 210 to 240 months. This range resulted from a total offense level of 37 combined with a criminal history category of I, capped by the statutory maximum of 20 years. *See* 18 U.S.C. § 2252(a)(2), (b)(1); U.S.S.G. § 5G1.1(a). (The offense level reflects a base of 22, *see* § 2G2.2(a)(2), plus 2 levels because Hogenkamp possessed images of children under age 12, *see id.* § 2G2.2(b)(2), 5 levels because he distributed the images to others, *see id.* § 2G2.2(b)(3)(B), 4 levels because the images depicted sadism and violence, *see id.* § 2G2.2(b)(4), 2 levels because Hogenkamp used a computer to commit his crimes, *see id.* § 2G2.2(b)(6), 5 levels because he possessed at least 600 images, *see id.* § 2G2.2(b)(7)(D), less 3 levels because he accepted responsibility, *see id.* § 3E1.1.) After correctly calculating the imprisonment range, the district court, guided by U.S.S.G. § 5K2.0(b)(2), explained that Hogenkamp's offense level should be reduced by two because the upward adjustment for using a computer in the commission of his crimes was excessive (computers being a ubiquitous feature of child-pornography offenses). This reduction resulted in an effective sentencing range of 168 to 210 months.

The below-guidelines sentence Hogenkamp actually received—120 months—would be entitled to a presumption of reasonableness on appeal, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Klug*, 670 F.3d 797, 800 (7th Cir. 2012), and counsel argues that Hogenkamp would not be able to rebut that presumption because the district court adequately applied the sentencing factors of 18 U.S.C. § 3553(a). As the sentencing transcript reflects, the court weighed Hogenkamp's possession and distribution of appalling pornographic images of young children against his completion of sex-offender treatment, his lengthy service in the U.S. National Guard, and the fact that he already had served four months in state custody. *See id.* § 3553(a)(1)–(2). We agree with counsel that any appellate challenge to Hogenkamp's sentence would be frivolous under these circumstances.

Counsel's motion is to withdraw is **GRANTED** and the appeal is **DISMISSED**.